Aslone FOY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 58218.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 6, 1980.

John Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., Susan W. Crump, and Ira L. Jones, II, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for arson. After a jury found appellant guilty,

the trial court assessed punishment at three years.

In his sole ground of error appellant contends reversible error was committed when the trial court allowed the State to introduce evidence of extraneous offenses that were not admissible under any exception to the general rule excluding such evidence.

The record reflects that on the night of November 15, 1976, Mrs. Mearleon Dugar and her daughter saw appellant, their neighbor, throw a burning object through a bedroom window of the Dugar home and then run back into his house. Fire officials who were called to put out the resulting fire discovered fragments of a "Molotov cocktail" in the Dugar bedroom as well as an unused firebomb just inside appellant's yard.

Over objection, the State was allowed to elicit testimony from Mrs. Dugar and her husband that on October 27, 1976, approximately three weeks prior to the date of the offense in question, appellant pointed a pistol at the couple and threatened them as they were leaving a shopping area. Mrs. Dugar also testified that in the early part of November appellant came to the front door of her home threatening her and her son with a pistol he was pointing at them. In the court's charge the jury was instructed to consider evidence of extraneous offenses for the sole purpose of determining appellant's ill will toward Mrs. Dugar, the complainant.

We hold that evidence of appellant's prior misconduct toward the victims of the offense charged was admissible as circumstantial evidence of a motive on his part for committing the offense charged. It is, of course, settled that an accused may not be tried for some collateral crime or for being a criminal generally. See *Albrecht v. State*, Tex.Cr.App., 486 S.W.2d 97, 100. In the same opinion the Court stated:

"Evidence of extraneous offenses committed by the accused has been held admissible; . . . (5) [t]o show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense or is a part of a continuing plan or scheme of which the crime on trial is also a part. . . ." (footnote omitted)

And in *Rodriguez v. State*, 486 S.W.2d 355, we stated that:

"The prosecution may always offer evidence, if it is known to exist, to show motive for the commission of an offense because it is relevant as a circumstance tending to prove the commission of an offense. (footnote omitted)

"However, 'the proposed testimony, to be admissible as proof of motive, must fairly tend to raise an inference in favor of the existence of a motive on the part of the accused to commit the alleged offense for which he is on trial.'" (citations omitted)

In the instant case the State argues that the evidence of prior assaultive acts committed by appellant against the victims of the offense charged was admissible to show "a continuing motive on the part of the Appellant" for committing the offense charged. We agree that the extraneous offense evidence introduced in this case was probative of appellant's motive for committing the offense charged, but we must take care to spell out our reasons for so concluding.

Initially, it should be emphasized that the rule we announce today is not in conflict with our decision in *Rodriguez*, supra, where the Court discussed the concept of motive evidence in the context of extraneous offenses. In *Rodriguez*, the Court stated:

"The term motive is used to express different concepts. [footnote omitted] As used here, motive refers to an emotion that would provoke or lead to the commission of a criminal offense. Evidence to show motive is the circumstantial evidence *that would appear to cause or produce the emotion*. When it is said that evidence going to show motive is admissible, it is meant that the circumstantial evidence is admissible *that would appear to cause or produce the emotion* that would in turn provoke or incite the com-

mission of the criminal offense. See 1 Wigmore, Evidence, § 117 at 558 (3d ed. 1940) and 2 McCormick and Ray, § 1534 at 382 (2d ed. 1956).

\* \* \* \* \* \*

"We have not been cited any cases and a diligent search has revealed no case where it has been held that the absence or lack of motive in a particular case would authorize the admission of extraneous or collateral offenses in which there was an apparent absence or lack of motive." (Emphasis added.)

The essential, and decisive, distinction between the facts in *Rodriguez* and those presented in the instant case is that the evidence of prior misconduct introduced against appellant showed acts committed against the persons who were the victims of the offense charged. Certainly, these prior violent acts indicated the existence of hostility or ill will on the part of appellant toward the victims of the offense charged. Under these circumstances, the evidence of prior extraneous offenses should be admissible as circumstantial evidence of the existence of a motive for committing the offense charged. In the situation presented here, rather than say that the extraneous offense evidence was circumstantial evidence "that would cause or produce the emotion" known as motive, it would be more accurate to say that the evidence circumstantially *reflected* the existence of the emotion. In this sense, then, today's decision represents an extension of the motive concept enunciated in *Rodriguez*. In short, we hold that evidence of prior extraneous offenses committed against the victim of the offense charged, and indicating the existence of ill will or hostility toward the victim, is admissible as part of the State's case in chief as circumstantial evidence of the existence of a motive for committing the offense charged. No error was committed in admitting the evidence complained of.

The judgment is affirmed.