**Terrance GALLOWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–85–187–CR.**

Court of Appeals of Texas,
Waco.

Aug. 21, 1986.

Patrick H. Simmons, Cannon and Simmons, Groesbeck, for appellant.

Latham Boone, III, Dist. Atty., David S. Barron, Deputy Dist. Atty., Anderson, for appellee.

## OPINION

JAMES, Justice.

Appellant was convicted by a jury of aggravated sexual assault and was assessed punishment by the same jury at twenty years confinement in the Texas Department of Corrections. From the trial court's judgment and sentence in accordance therewith, Appellant appeals upon four grounds of error. We affirm.

The indictment in effect alleges that Appellant on or about November 20, 1984, caused penetration of the vagina of Audrey Harris (his step-daughter), a child younger than 14 years of age and without the consent of said child, by inserting his finger.

By Ground of Error No. 1, Appellant asserts the trial court erred in the charge to the jury by giving the jury, over Appellant's objection, the following instruction: "You are instructed that 'penetration' is complete however slight". Appellant contends that such instruction is a com-

ment on the weight of the evidence and an ultimate fact to be determined by the jury. We overrule this contention.

More specifically, in his first ground of error, Appellant complains of the following instruction given by the trial court to the jury in the guilt-or-innocence phase of the trial:

"One of the elements in this case is 'penetration'. The burden is upon the State to prove each and every element of the offense, if any, beyond a reasonable doubt. You are instructed that 'penetration' is complete however slight."

Charging the jury that "penetration is complete however slight" has been held to be a proper instruction in a rape case. *Henry v. State* (1937) 132 Tex.Cr.R. 148, 103 S.W.2d 377, 380; also see *Campos v. State* (1962) 172 Tex.Cr.R. 179, 356 S.W.2d 317.

Prior to the 1983 amendment of old Article 21.02 of the Penal Code (Rape), penetration of the vagina could only be performed by the male sex organ. Under the present Article 22.011 of the Penal Code (Sexual Assault), penetration may be by any means, including the actor's finger. We believe the logic as applied by our Court of Criminal Appeals in *Henry v. State*, supra, in a rape case applies equally to aggravated sexual assault, as in the case at bar. Appellant's first ground of error is overruled.

■ Appellant's second ground of error contends that the evidence is insufficient to sustain the conviction of aggravated sexual assault as the indictment alleged that the acts of the appellant were done "without the consent of the child", and (Appellant says) there is no evidence supporting this allegation. We do not agree.

The prosecutrix Audrey Harris testified that she knew what the word "voluntary" meant, and that she did not voluntarily want to do this with Terry (Appellant), and did not do it voluntarily with him. The Appellant by his own testimony admitted facts that would have convicted him of the offense of indecency with a child; however,

Appellant denied that his finger penetrated the vagina of the prosecutrix. In our opinion the evidence in this record is ample to sustain the offense of aggravated sexual assault, and that same was done without the consent of the child.

■ Aside from the question of sufficiency of the evidence showing lack of consent, since Audrey was only eleven years old when the last sexual assault occurred, we believe as a matter of law that she could not give her consent. In other words, in our opinion the allegation in the indictment of lack of consent was surplusage. It is not legally essential to the indictment's validity and may be rejected as surplusage. *Collins v. State* (Tex.Cr.App. 1973) 500 S.W.2d 168; *Beck v. State* (1962) 172 Tex.Cr.R. 534, 360 S.W.2d 410. Appellant's second ground of error is overruled.

■ In his third ground of error, Appellant contends that the following jury argument by the District Attorney constituted reversible error when the trial court refused to grant a mistrial after Appellant's objection:

"... as I told you Monday, when we were picking the jury, he would argue about this case, about this child gave consent. That's the same argument that the pedophiles give with children, well, they like it, we should go out and do this because children like that. That's the same argument these sick animals out in California give that want to elicit children in sex."

Appellant's attorney objected and asked the trial court to instruct the jury not to consider this argument, whereupon the trial court promptly sustained the objection and so instructed the jury. We believe the trial court's prompt sustaining of Appellant's objection and instruction to the jury not to consider this argument was sufficient to cure any harm occasioned by this argument. Appellant's third ground of error is overruled.

■ Appellant's fourth and final ground of error complains that the trial court erred in permitting Brenda Harris (the prosecu-

trix's stepmother) and Dr. Margaret Marcon to testify concerning statements made to them by the prosecutrix concerning the sexual assault made upon her by Appellant, upon the stated ground that such statements were hearsay. We have carefully considered the statements of prosecutrix testified about by Mrs. Harris and Dr. Marcon, and hold that these statements fall within the well-settled evidentiary rule to the effect that statements constituting a rape victim's complaint—also called outcry—are admissible in the State's case in chief as direct evidence of that complaint, and this is so without regard to the spontaneity thereof. *King v. State* (Tex.Cr.App. 1982) 631 S.W.2d 486, and the cases therein cited at page 491. Also *Ortega v. State* (Tex.Cr.App.1970) 462 S.W.2d 296, 308. Appellant's fourth ground of error is overruled.

Judgment of the trial court is affirmed.

AFFIRMED.