**Stephen Everett PAGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–00906–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1991.

Jane Wynegar, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for aggravated sexual assault. In sixteen points of error, appellant complains that: (1) he received ineffective assistance of counsel; (2) the evidence was insufficient the sustain the conviction; (3) the trial court erred in giving an Allen charge to the jury; (4) the trial court erred in allowing the prosecutor to testify into the record; and (5) the trial court erred in entering an affirmative finding of use of a deadly weapon. We affirm.

The record reflects that the complainant and appellant were married in 1985. In October of 1988, appellant secured employment in and moved to Carthage, Texas. He returned to the complainant's house in La Porte, Texas on December 23, 1988 and told her he wanted to move back in with her, but she refused. The complainant testified that he then became violent with her and hit her in the face several times. After the incident, the complainant did not live in the house and only returned there to change clothes, do the laundry, and use the shower. On the morning of March 27, 1989, the complainant entered her home and discovered appellant standing in the kitchen pointing a gun at her. She was told to go into the bedroom and take off her clothes. She stalled, but appellant grabbed her by the shoulder and forced her into the bedroom. Appellant held the gun on her until she undressed, then he forced her down onto the bed and had sexual intercourse with her. Appellant told her that he wanted to make another attempt at their marriage. The complainant testified that, after the incident, she acted "normal" and took appellant to his truck which was parked several blocks from her house. He left the pistol in her car and gave her directions to his apartment so they could get his belongings and move him back into her house. When he left, the complainant drove to a lodge where she worked and was then taken to the police. Appellant was found guilty of aggravated sexual assault and sentenced to twelve years imprisonment by the jury.

■ In his first point of error, appellant argues that the trial court erred in not granting his motion for mistrial during jury deliberation on punishment. On the afternoon of August 28, 1990, the jury deliberated on punishment for 23 minutes before adjourning for the day. The next morning, they spent slightly over two hours before requesting a break. The jury took a lunch break at 12:00 p.m. and resumed deliberations at an unspecified time until 2:15 p.m.

when they sent a note to the judge stating that they could not agree on a sentence. The court responded with an Allen charge and appellant moved for a mistrial. The motion was denied and the jury reached a verdict at 6:20 p.m. Appellant now contends that he was denied a fair trial when the court allowed the jury more time to deliberate, because evidence on punishment lasted approximately 30 minutes and the jury spent somewhat over three hours deliberating before informing the court it could not reach a consensus. We disagree.

The length of time that the jury deliberates rests within the sound discretion of the trial court. *DeLuna v. State,* 711 S.W.2d 44, 48 (Tex.Crim.App.1986). The Code of Criminal Procedure provides that "the court may in its discretion discharge [the jury] where it has been kept together for such time as to render it altogether improbable that it can agree." TEX.CODE CRIM.PROC.ANN. art. 36.31 (Vernon 1981). Here, the jury needed to determine appellant's punishment ranging from probation to life imprisonment because of the rape of his estranged wife. We find no abuse of discretion in the court allowing the jury to deliberate longer than three hours. We overrule appellant's first point of error.

■ In appellant's second through thirteenth points of error, he argues that he was denied effective assistance of counsel because of various alleged errors by his court-appointed counsel. To reverse a conviction based on ineffective assistance of counsel, appellant must show that: (1) the trial counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Appellant must show that there is a reasonable probability that the result would have been different but for counsel's unprofessional performance. *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990). However, the constitutional right to counsel does not mean the right to errorless counsel or one whose competency is judged by hindsight. *Ex parte Cruz,* 739 S.W.2d 53, 57–58 (Tex.Crim.App.1987). Our review

of counsel's performance must be highly deferential. *Welborn,* 785 S.W.2d at 393.

■ In his second through tenth points of error, appellant argues that he received ineffective assistance of counsel when alleged extraneous offense evidence was admitted without objection. The complainant testified that prior to the sexual assault, on December 23, 1988, appellant confronted her at her house, beat her, strangled her, and threatened to kill her. She reported the incident to the police and photographs of her injuries were taken. The pictures of the complainant's injuries were admitted into evidence along with her testimony. No objection was made to the testimony or the pictures. Appellant also complains that he was denied effective assistance of counsel because his trial counsel referred to the incident of December 23, 1988 when cross-examining the witnesses.

The Rules of Criminal Evidence provide that evidence of other crimes, wrongs, or acts may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." TEX.R.CRIM.EVID. 404(b). Extraneous offense evidence that logically serves any of these purposes is relevant *"beyond* its tendency 'to prove the character of a person to show that he acted in conformity therewith.'" *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App.1991) (quoting TEX.R.CRIM.EVID. 404(b)) (emphasis in original). Such evidence is admissible subject only to the trial court's discretion to exclude it if the danger of unfair prejudice *substantially* outweighs its probative value. *Id.;* TEX.R.CRIM.EVID. 403. Rule 403 favors admissibility of relevant evidence with the presumption "that relevant evidence will be more probative than prejudicial." *Montgomery,* at 388. We find the evidence complained of to be more probative than prejudicial.

Here, the complainant testified that she was afraid to stay in her own house and, indeed, only went there to shower and do chores. The complainant also testified that appellant told her he was leaving the gun with her for her future protection against

him. Evidence of prior extraneous offenses committed by the accused against the victim of the offense charged that show ill will or hostility toward the victim "is admissible as part of the State's case in chief as circumstantial evidence of the existence of a motive for committing the offense charged." *Foy v. State*, 593 S.W.2d 707, 709 (Tex.Crim.App. [Panel Op.] 1980); *see also Burton v. State*, 762 S.W.2d 724, 727 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The evidence concerning the prior assault on appellant's estranged wife was admissible to show the existence of the motive for the offense charged of aggravated sexual assault. Consequently, appellant's trial counsel committed no error in failing to object to the testimony when it was originally admitted. Nor was appellant denied effective assistance of counsel when his trial counsel referred to the assault during cross-examination. We overrule appellant's second through tenth points of error.

In his eleventh point of error, appellant argues that he was denied effective assistance of counsel because his trial counsel failed to object to character evidence offered by the State. A witness for the State testified that, in his opinion, appellant was a violent person. Evidence of a person's character is not admissible to prove that he acted in conformity therewith except when the defendant offers a pertinent character trait or the prosecution rebuts the defendant's evidence. TEX.R.CRIM. EVID. 404(a)(1); *see also Ramirez v. State*, 656 S.W.2d 82, 83 (Tex.App.—Tyler 1983, pet. ref'd). Here, appellant had not opened the door to allow the State to rebut any allegation of good character; therefore, the evidence was inadmissible. However, we do not find that the failure to object denied appellant effective assistance of counsel. The court of criminal appeals has stated that the constitutional right to counsel does not mean the right to errorless counsel. *Cruz*, 739 S.W.2d at 57–58. Appellant has not shown that the admission of the character evidence deprived him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Evidence of appellant's violent behavior towards the complainant was al-

ready properly admitted before the jury. Additional testimony regarding his violent tendencies, in all probability, did not contribute to his conviction. We hold that appellant was not denied effective assistance of counsel by the failure to object to the character evidence and overrule his eleventh point of error.

In his twelfth point of error, appellant argues he was denied effective assistance of counsel because the complainant testified that appellant abused his son. His trial counsel was questioning the complainant as to why she feared appellant and she stated that she could not live with the abuse of his son. Appellant's counsel then continued and elicited testimony that the complainant was referring to corporal punishment of appellant's son resulting from bad conduct reports at school. Appellant contends that the admission of extraneous evidence testimony resulted in reversible error because there was no sound trial strategy for delving into the issue. We disagree.

Appellant's trial counsel received a nonresponsive answer to his initial question concerning the basis of the complainant's fear to live in her own house. It was then incumbent on defense counsel to elicit further testimony to ensure that the jury was not left with the impression that the complainant was referring to serious child abuse. This is exactly what his trial counsel did. It could reasonably be considered a tactical decision on his part. An appellate court will not second guess trial strategy or judge an attorney's performance based on hindsight. *Cruz*, 739 S.W.2d at 57–58. We overrule appellant's twelfth point of error.

In his thirteenth point of error, appellant argues, multifariously, that the evidence was insufficient to sustain the conviction because the State: (1) failed to show lack of consent; (2) failed to prove the type of threat alleged in the indictment; and (3) never proved that the gun was an imminent threat to the complainant. In reviewing a sufficiency point, we must view the evidence in the light most favorable to the

verdict to determine if a rational trier of fact could have found every element of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

The Penal Code provides:

A sexual assault ... is without the consent of the other person if:

(1) the actor compels the other person to submit or participate by the use of physical force or violence;

(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat....

TEX.PENAL CODE ANN. § 22.011(b) (Vernon 1989). Here, there was evidence that appellant confronted the complainant in her home with a handgun and ordered her into the bedroom. Appellant held the gun on her until she had undressed and then had sexual intercourse with her. She testified that she did not want to have sexual intercourse with him and that she was afraid that he would kill her if she did not comply. We find that a rational trier of fact could conclude that the complainant did not consent.

Appellant contends that the State was required to specifically ask the complainant whether or not she consented. *See Galloway v. State*, 716 S.W.2d 556 (Tex.App.— Waco 1986, pet. ref'd). However, *Galloway* does not stand for the proposition that the State is required to ask specifically whether or not a victim of a sexual assault "consented" to the act. Rather, the Waco Court of Appeals held that testimony by the prosecutrix that she did not voluntarily allow the defendant to commit a sexual assault was sufficient to show lack of consent. *Id.* at 557. Similarly, here, the complainant testified that she did not want to have sexual intercourse with appellant. This is obviously synonymous with lack of consent.

■ The indictment in this case alleges that appellant "used and exhibited a deadly weapon, namely, a handgun and by acts and words the Defendant placed the Com-

plainant in fear that *serious bodily injury* would be imminently inflicted on ... the Complainant" (emphasis added). Appellant now contends that the State only proved that the complainant was in fear of *death* and, thus, there was a fatal variance between the proof and the indictment. We disagree.

The complainant testified that she was afraid that appellant would shoot her if she did not comply with his demand. The line between fear of death and fear of seriously bodily injury, when one is confronted with a loaded handgun, is shadowy thin if it exists at all. Appellant told the complainant that the handgun he was threatening her with was a .357 magnum. Fear of being shot with a powerful handgun certainly qualifies as fear of serious bodily injury and a rational trier of fact could so conclude. Further, the Penal Code defines "serious bodily injury" as "bodily injury that creates a substantial risk of death or *that causes death....*" TEX.PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974) (emphasis added). Death, therefore, is included within the statutory definition of serious bodily injury. The complainant also testified that she was afraid that appellant would kill her. A rational trier of fact could conclude that a wound from a .357 magnum bullet would result in bodily injury "that causes death." We find no variance between the proof and the indictment.

■ Appellant also complains that the evidence was insufficient to show that the handgun was an "imminent threat" to the complainant. "Imminent threat" lies in the eyes of the threatened. Here, the complainant testified that immediately prior to the sexual assault, appellant placed the gun near the bed within "reaching distance." Appellant argues that there was no testimony as to who could reach the gun, him or the complainant. Presumably, this argument infers that if she could reach the gun while he was atop her, she should not feel imminently threatened. This argument is untenable. Appellant escorted the complainant at gunpoint into her bedroom and kept the gun pointed at her until she was undressed and on the bed. The inher-

ent threat came from his use of the gun and it remained a threat as long as it was nearby and he was still carrying out his purposes. We hold that a rational trier of fact could find that the gun was an imminent threat to the complainant. *See Nemecek v. State*, 621 S.W.2d 404, 406 (Tex. Crim.App.1980) (*o'ruled on other grounds, Hernandez v. State*, 651 S.W.2d 746, 754 (Tex.Crim.App.1983)). Finding sufficient evidence to sustain the conviction, we overrule appellant's thirteenth point of error.

In his fourteenth point of error, appellant argues that the trial court erred in overruling his objection to a question asked by the prosecutor. During cross-examination of appellant, the following transpired:

PROSECUTOR: But by March 27th, you felt like you laid enough ground work to go back there and attempt a confrontation?

APPELLANT: I think so.

PROSECUTOR: Now, you were going to have a confrontation with her.

APPELLANT: I'm talking about like me and you right now just talking to one another, that's what I call a confrontation. I was going to confront her in person and show her that she had nothing to fear.

PROSECUTOR: But you knew she didn't want to talk to you. Every time you called her, she hung up on you.

APPELLANT: But she was being ridiculous. She didn't hang up every time I called.

PROSECUTOR: *So in your mind, she was being ridiculous because you knew she didn't want to talk to you. The best way you get to handle the situation is to go back into the house unbeknownst to her and wait for her with a gun. Is that right?*

DEFENSE COUNSEL: I'm [going] to object to the characterization of the statement. That's the prosecutor testifying.

THE COURT: Objection overruled.

Appellant now contends that the prosecutor's question, italicized above, was argumentative and injected additional facts into the record. We disagree.

The scope of cross-examination is within the sound discretion of the trial court. *Lauderback v. State*, 789 S.W.2d 343, 349 (Tex.App.—Forth Worth 1990, pet. ref'd); *Keegan v. State*, 681 S.W.2d 806, 811 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). Here, the complainant had already testified to all the "facts" the prosecutor supposedly interjected into the complained of question. The question constituted nothing but a summary of appellant's version of the facts prior to the sexual assault. We find no error in the prosecutor's question and overrule appellant's fourteenth point of error.

■ In his fifteenth point of error, appellant argues that the trial court erred in entering an affirmative finding of use of a deadly weapon. The jury found appellant guilty "as charged in the indictment." The indictment alleged that appellant accomplished the aggravated sexual assault through the use of a deadly weapon, specifically a handgun. The trier of fact's verdict on the indictment constitutes an affirmative finding. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985). We overrule appellant's fifteenth point of error.

■ In his sixteenth point of error, appellant argues that he received ineffective assistance of counsel because his court-appointed attorney had a conflict of interest with the judge. Prior to trial, appellant informed the court that he was under an order of the 209th District Court not to try any lawsuits or else his bond would be revoked in an extradition case pending on appeal. The record is silent as to whether the condition imposed by the 209th District Court was lifted for this case or whether an alternative arrangement was made with the trial court in appellant's case. In a hearing held August 8, 1990, appellant informed the trial court that he wanted to have his court-appointed attorney represent him. We find nothing in the record to indicate that appellant received ineffective assistance of counsel due to the alleged conflict with Judge Bacon. We overrule appellant's sixteenth point of error.

Accordingly, we affirm the judgment of the trial court.