**Timothy Scott COWARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00974–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 3, 1996.

Bobbi L. Blackwell, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Judge.

Timothy Scott Coward appeals his conviction by a jury for retaliation. His punishment was assessed by the trial court at twenty-five years imprisonment, enhanced by two prior felony convictions. In four points of error, appellant claims (1) the trial court erred in admitting evidence of extraneous criminal acts, (2) he was denied effective assistance of counsel, (3) the evidence was legally insufficient to sustain a conviction, (4) the trial court erred in refusing to give the jury a requested instruction on the lesser included offense of terroristic threat. We affirm.

On April 8, 1994, appellant was arrested by Deputy Wichkoski, Harris County Sheriff's Department, for public intoxication and taken to the Wallisville substation. Appellant was handcuffed and sitting on a bench waiting for paperwork to be processed. Deputy Thomas, the complaining witness, entered the room and observed appellant cursing Deputy Wichkoski. Deputy Thomas approached appellant and told him to calm down. Appellant then directed his cursing to Deputy Thomas and charged forward towards him. Deputy Thomas pushed him down on the bench and released him. Appellant then told Thomas that when he got out of jail he was going to return to the substation and blow his head off. Appellant had to be subdued by other officers before he could be fingerprinted and placed in the detox cell.

In his first point of error, appellant contends the trial court erred in admitting testimony concerning his extraneous criminal nature. Deputy Thomas testified to the events leading up to appellant's threat and after the prosecutor asked Deputy Thomas what did appellant say to him, Thomas responded: "He used a lot of profanity basically. He stated he would kick our asses and he stated that he was a convict." Appellant objected and asked that the jury be removed.

Appellant made an oral motion for mistrial and gave as grounds for his objection a failure by the police officers to give him his *Miranda* warnings prior to making the statement to Deputy Thomas that he was a "convict." He asked for a mistrial because such a statement was highly prejudicial and could not be erased from the minds of the jurors. The court overruled appellant's objection. The prosecutor stated to the trial court that the statement was freely and voluntarily made and not in response to any sort of interrogation by the officers. The trial court refused to instruct the jury to disregard the statement but warned the prosecutor to "stay away from the conviction part" of Thomas's statement.

A timely and reasonably specific objection is necessary in order to preserve error for appellate review. TEX.R.APP.P. 52(a). Arguments which are not supported by a trial objection are deemed overruled. *Burks v. State*, 876 S.W.2d 877, 899 (Tex.Crim.App. 1994), *cert. denied*, — U.S. —, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). Appellant argued to the trial court that the statement by Thomas was not admissible because appellant had not been given his *Miranda* warnings. On appeal, appellant argues that the statement that appellant was a "convict" was an inadmissable extraneous act. We find that in the absence of an "inadmissable extraneous act" objection, no error was preserved on this aspect of appellant's argument. *Id.* We overrule appellant's point of error one.

In point of error two, appellant contends his trial counsel was ineffective for failing to properly object to the admission of testimony concerning extraneous offenses. Appellant assumes that the statement by appellant to Deputy Thomas that he was a "convict" was not admissible as an extraneous offense. Therefore, appellant argues that since the statement was admitted, it was harmful and his counsel was ineffective for not making a proper objection and thus keeping the statement away from the jury. We disagree.

We find the statement made by appellant to the deputy that he was a "convict" is admissible as bearing on appellant's motive to commit the retaliatory threat. Appellant

directed profanity at Deputy Thomas along with his statement that he was a convict. Such an outburst could be interpreted by the jury as an indication by appellant that he was able to carry out any threats he made and to apprise Deputy Thomas of appellant's ill will and hostility towards Thomas, as a peace officer. This case is analogous to *Bisby v. State,* 907 S.W.2d 949 (Tex.App.—Fort Worth 1995, pet. ref'd). In *Bisby,* appellant participated in telephone threats made to the murder victim A.W. that had been recorded by A.W.'s answering machine. Appellant's girl friend, Nancy, made threats over the telephone to kill A.W. if he did not pay money to appellant and his girl friend. Nancy made the threats and appellant's voice could be heard in the background. Appellant objected to the admission of the tape in evidence on the ground that such evidence was being admitted only to show that appellant was a "dangerous character," and the not for one of the purposes enumerated in rule 404(b), Texas Rules of Criminal Evidence. In *Bisby,* the court found the evidence of prior acts committed by appellant against A.W., his participating in the threatening phone calls to A.W. made by Nancy, showed appellant's ill will or hostility toward A.W. Therefore, the excerpts from the tape were admissible as circumstantial evidence of the existence of a motive for appellant to commit the offense charged. *Id.* at 959. The court held, in pertinent part:

> For evidence to be admissible as proof of motive, it must tend to raise an inference that the accused had a motive to commit the alleged offense for which he is on trial. *Bush v. State,* 628 S.W.2d 441, 444 (Tex. Crim.App.1982). "Evidence of prior extraneous offenses committed by the accused against the victim of the offense charged that show ill will or hostility toward the victim 'is admissible as part of the State's case in chief as circumstantial evidence of the existence of a motive for committing the offense charged.'" *Page v. State,* 819 S.W.2d 883, 887 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) (quoting *Foy v. State,* 593 S.W.2d 707, 709 (Tex.Crim.App. [Panel Op.] 1980)).

*Id.* at 958.

We conclude that the evidence of prior acts committed by appellant against Deputy Thomas, cursing him and telling him that appellant was a convict, was a showing of appellant's ill will or hostility towards Deputy Thomas. Therefore, the statement was admissible as circumstantial evidence of the existence of a motive for appellant to commit the offense charged. *Bisby* at 959.

As we have found that appellant's statement that he was a convict was admissible evidence, we now find that appellant's trial counsel was not ineffective in not making an objection to it. The standard for determining whether a defendant was deprived of effective assistance of counsel is found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064.

The "inadmissable extraneous act" objection in this case would not have been a valid objection to appellant's statement to Deputy Thomas that he was a convict. TEX.R.CRIM. EVID. 404(b). Therefore, trial counsel was not ineffective in not making it. *See Madden v. State,* 911 S.W.2d 236, 243 (Tex.App.—Waco 1995, pet. ref'd); *Poullard v. State,* 833 S.W.2d 273, 278 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). We overrule appellant's point of error two.

■ In point of error three, appellant contends the evidence was legally insufficient to prove appellant knowingly committed the offense of retaliation. Appellant argues that the evidence clearly proved that he was intoxicated and the state failed to prove beyond a reasonable doubt that he had any culpable mental state to commit the charged offense.

Appellant produced no evidence at the trial in support of this argument and relies on the testimony of the two deputies at the trial. The deputies testified that appellant had a strong odor of alcohol on his breath and was staggering. The evidence showed that appellant was profane, combative and unresponsive to questioning. Deputy Thomas testified: "He was intoxicated to the point his judgment was extremely flawed" then later testified that appellant knew what he was doing.

Section 8.04 of the Texas Penal Code that was in effect on April 8, 1994, provided in pertinent part:

   (a) Voluntary intoxication does not constitute a defense to the commission of crime.

   (b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried.

■ To raise the issue of insanity by voluntary intoxication for the purpose of mitigation under TEX.PENAL CODE ANN. § 8.04 (Vernon Supp.1994), the evidence must establish that appellant, as a result of intoxication (1) did not know his conduct was wrong, or (2) was incapable of conforming his conduct to the requirements of the law he violated. *Cordova v. State,* 733 S.W.2d 175, 190 (Tex. Crim.App.1987), *cert. denied,* 487 U.S. 1240, 108 S.Ct. 2915, 101 L.Ed.2d 946 (1988); *See also Lee v. State,* 874 S.W.2d 220, 223–24 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

The evidence in this case clearly shows that appellant was intoxicated; there is no evidence tending to show that he did not know his conduct was wrong. *See Cordova,* 733 S.W.2d at 190 (evidence that defendant was "crazy drunk" insufficient to show temporary insanity); *Still v. State,* 709 S.W.2d 658, 661 (Tex.Crim.App.1986) (evidence that defendant "lost his head" insufficient to show temporary insanity). Since the evidence shows only that appellant was intoxicated and that his state of intoxication was voluntarily induced, he has no defense to the commission of his crime under section 8.04(a), Texas Penal Code. We overrule appellant's point of error three.

■ In point of error four, appellant contends the trial court erred by refusing to instruct the jury on the lesser included offense of terroristic threat.

A defendant is entitled to a charge on a lesser included offense if the lesser offense is included within the proof necessary to establish the offense charged and if there is evidence in the record that, if the defendant is guilty, he is guilty of only the lesser offense. *Miniel v. State,* 831 S.W.2d 310, 317 (Tex. Crim.App.1992), *cert. denied,* 506 U.S. 885, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim. App.1981).

Section 22.07(a)(2), Texas Penal Code, in effect on April 8, 1994, provides, in pertinent part:

A person commits an offense if he threatens to commit any offense involving violence to any person ... With intent to: place any person in fear of *imminent* serious bodily injury. (Emphasis added).

As charged in this indictment, retaliation required proof of a threat to kill in retaliation for and on account of the service of Deputy Thomas as a public servant. Terroristic threat requires proof that the person making the threat intended to place the victim in fear of *imminent* bodily injury. Section 36.06, Texas Penal Code, "Obstruction or Retaliation," does not require that the threat to harm in retaliation be imminent. Therefore, the elements of the offense of terroristic threat are not included within the proof necessary to establish the offense of retaliation. Terroristic threat is not a lesser included offense of retaliation. *See Davis v. State,* 890 S.W.2d 489, 492 (Tex.App.—Eastland 1994, no writ). Appellant's point of error four is overruled.

The judgment of the trial court is affirmed.