SMITH V. STATE

NO. 07-97-0032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 19, 2000

______________________________

JERRY T. SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 95-1862; HONORABLE GEORGE S. HANSARD, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON REMAND FROM THE COURT OF CRIMINAL APPEALS

In a previous opinion, we affirmed the conviction of appellant, Jerry T. Smith, for murder.  
See
 Smith v. State, 968 S.W.2d 452, 462 (Tex.App.--Amarillo 1998).  Appellant filed a petition for discretionary review, and on June 23, 1999, the Texas Court of Criminal Appeals vacated our judgment and remanded the cause to us for reconsideration.  
See
 Smith v. State, 5 S.W.3d 673, 679 (Tex.Cr.App. 1999).  Based upon the rationale expressed herein, we affirm.

In our original opinion, we affirmed appellant’s conviction in part based upon the provisions of article 38.36 of the Texas Code of Criminal Procedure, which states:

In all prosecutions for murder, the state or defendant shall be permitted to offer testimony as to 
all relevant facts and circumstances surrounding
 the killing and
 the previous relationship existing between the accused and the deceased
, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

(Emphasis added). 

We noted in that opinion that the Legislature through article 38.36 specifically allowed the introduction of evidence of a prior relationship between the victim and the accused and that any 404(b) or 403 objection would be invalid in light of this statute.  However, the Court of Criminal Appeals disagreed with our reasoning, vacated our judgment, and remanded this cause to us concluding that article 38.36 must be “congruously applied” with Rules 404(b) and 403 of the Texas Rules of Criminal Evidence.
(footnote: 1)  In other words, before “prior relationship” evidence of the victim and accused can be admitted under article 38.36 once a defendant makes timely 404(b) or 403 objections, the trial court must first find the non-character conformity purpose for which it is offered under Rule 404(b).  Tex. R. Crim. Evid. 404(b).  This purpose, then, must be relevant to a material issue in the case.  Tex. R. Crim. Evid. 403.  If relevant, the trial court must complete the balancing test set forth in Rule 403 by determining whether the probative value of the proffered evidence substantially outweighs its prejudicial effect.
(footnote: 2)  Only after finding that the evidence satisfies Rules 404(b) and 403, with a timely and proper objection, may the trial court admit evidence of a prior relationship between the victim and the accused.  
See Smith
, 5 S.W.3d at 679.  

Before addressing the concerns raised by the Court of Criminal Appeals, a brief recitation of the facts is necessary.  Upon a plea of not guilty, a Garza County jury found appellant guilty of murder although the victim’s body was never recovered and no physical evidence of the crime was ever found.  After pleading true to an enhancement allegation, appellant’s punishment was assessed by the court at life in prison.  Before trial, the State gave notice of its intent to introduce extraneous offense evidence during the guilt-innocence phase of trial.  After voir dire, but before the jury was empaneled, a hearing was held regarding the admissibility of such evidence.  No testimony was presented and the State did not identify who would testify as to the extraneous offenses.  The State argued that an absence of physical evidence linking appellant to the murder created an essential need for it to introduce evidence that on numerous occasions, and while intoxicated, appellant had physically assaulted his father, his ex-wife, and the victim.  Appellant objected to this evidence pre-trial, asserting Texas Rules of Criminal Evidence 404(b) and 403.
(footnote: 3)  His objections were overruled, but the court granted his request for an instruction in the jury charge on the limited use of extraneous offense evidence.

Due to differences in the law regarding the admissibility of this evidence, we divided our discussion in our original opinion into three categories concerning (1) assaults on the victim, (2) assaults on appellant’s father, and (3) assaults on appellant’s ex-wife.  In this opinion, we will limit our discussion to the introduction of extraneous offense evidence as it relates to assaults on the victim because, in our prior opinion, we only utilized article 38.36 in justifying the admission of such evidence as it relates to the victim.
(footnote: 4)
 The task before us now is to determine whether appellant properly preserved any error concerning the admission of evidence of extraneous offenses against the victim.  Ordinarily, when a court overrules a defendant’s pre-trial objection to the admission of evidence, the error is preserved and the defendant need not object to the same evidence again at trial. Tex. R. App. P. 33.1 (formerly 52(b)); Tex R. Crim. Evid. 103(a); Ethington v. State, 819 S.W.2d 854, 858 (Tex.Cr.App. 1991); Traylor v. State, 855 S.W.2d 25, 26 (Tex.App.--El Paso 1993, no pet.).  However, when counsel affirmatively states during trial that he has “no objection” to the challenged evidence, he waives any error in its admission despite having previously preserved error with a pre-trial objection.  Dean v. State, 749 S.W.2d 80, 83 (Tex.Cr.App. 1988); Matter of R.S.C., 940 S.W.2d 750, 752 (Tex.App.--El Paso 1997, no pet.); 
Traylor
,  855 S.W.2d at 26.  Also, arguments which are not supported by a trial objection are deemed overruled.  Burks v. State, 876 S.W.2d 877, 899 (Tex.Cr.App. 1994), 
cert. denied
, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995).

During the pre-trial hearing, appellant proffered timely 404(b) and 403 objections to the proposed introduction of evidence involving assaults against the victim.  Because these objections were overruled on the record, appellant initially preserved his error.  However, when appellant subsequently acquiesced to the introduction of a protective order issued on behalf of the victim by the District Court of Garza County by stating that he had “no objection,” he waived his pre-trial objection 
and
 any error which may have resulted from the admission of any evidence concerning his prior relationship with the victim.  

Moreover, the trial court properly admitted the extraneous offense evidence by (1) finding a non-character conformity purpose for which the evidence was proffered, (2) that is relevant to a material issue in the case, and (3) completing a balancing test as required by Rule 403. 

The rules of evidence allow the trial court wide discretion in determining the admissibility of evidence.  Dorsett v. State, 761 S.W.2d 432, 433 (Tex.App.--Houston [14th Dist.] 1988, pet. ref'd).  We review the trial court’s evidentiary rulings under an abuse of discretion standard, and so long as the trial court’s rulings are within the zone of reasonable disagreement, we will not intercede.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990).  Texas Rule of Criminal Evidence 404(b) provides that evidence of other crimes, wrongs or acts is inadmissible to prove the character of the accused in order to show that he acted in conformity therewith on a particular occasion.  Tex. R. Crim. Evid. 404(b); Abdnor v. State, 871 S.W. 2d 726, 738 (Tex.Cr.App. 1994).  The rule further provides however, that evidence of other crimes, wrongs or acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.  Tex. R. Crim. Evid. 404(b).  Evidence of prior hostile offenses by the accused against the victim 
is
 admissible as circumstantial evidence of motive.  Bisby v. State, 907 S.W.2d 949, 958 (Tex.App.--Fort Worth 1995, pet. ref’d) (emphasis added).  Although motive is not an essential element of murder, evidence of motive is always admissible because it is a circumstance tending to prove the commission of the offense.  Bush v. State, 628 S.W.2d 441, 444 (Tex.Cr.App. 1982); Bisby v. State, 907 S.W.2d at 958.  Here, Rule 404(b) was complied with because the trial court specifically found a non-character conformity purpose for admitting the evidence of extraneous offenses against the victim.

Next, Texas Rule of Criminal Evidence 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence.  A trial judge has broad discretion in admitting or excluding evidence.  Mozon v. State, 991 S.W.2d 841, 846 (Tex.Cr.App. 1999).  A trial judge, however, may exercise discretion in excluding evidence only when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, or needless presentation of cumulative evidence.  Tex. R. Crim. Evid. 403;  
see also
 Gilbert v. State, 808 S.W.2d 467, 471-72 (Tex.Cr.App. 1991).  In reviewing the trial court's balancing test determination, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion."  Montgomery v. State, 810 S.W.2d 372, 389 (Tex.Cr.App. 1990).  The reviewing court, however, cannot simply conclude "the trial judge did in fact conduct the required balancing and did not rule arbitrarily or capriciously."  
Id.
 at 392.   The trial court's ruling must be measured against the relevant criteria by which a rule 403 decision is made.  
Id.
  In other words, the reviewing court must look at the proponent's need for the evidence in addition to determining the relevance of the evidence.  
Id.
 at 392-93.  The relevant criteria in determining whether the prejudice of an extraneous offense outweighs its probative value include:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable--a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App. 1997).

Here, the trial court specifically found that the extraneous transactions were relevant and admissible for a purpose other than to show conformity of character.  Also, the trial court found that the probative value of the evidence of the extraneous offenses outweighed its prejudicial effect.  Further, it is presumed relevant evidence will be more probative than prejudicial.  Williams v. State, 958 S.W.2d 186, 196 (Tex.Cr.App. 1997).  Applying our own analysis, we find that the admission of evidence of a prior relationship between appellant and the victim was more probative than prejudicial.  There was a substantial need by the State for this evidence because no body had been recovered.  Additionally, "[e]vidence of prior extraneous offenses committed by the accused against the victim of the offense charged that show ill will or hostility toward the victim 'is admissible as part of the State's case in chief as circumstantial evidence of the existence of a motive for committing the offense charged.'"  Page v. State, 819 S.W.2d 883, 887 (Tex.App.--Houston [14th Dist.] 1991, pet. ref'd) (quoting Foy v. State, 593 S.W.2d 707, 709 (Tex.Cr.App.  [Panel Op.] 1980)).  Therefore, evidence of physical abuse that occurred during a prior relationship between the victim and the accused was admissible here to show appellant’s motive.  Thus, “congruously applying” Rules 404(b) and 403 with article 38.36 of the Texas Code of Criminal Procedure, which specifically allows the introduction of such evidence, we cannot say that the trial court’s decision to admit the extraneous offense evidence between the victim and appellant was outside the zone of reasonable disagreement.   

Accordingly, we overrule appellant's issues for the reasons expressed in our original opinion of March 26, 1998,
(footnote: 5) and in this opinion, and affirm the judgment of the trial court.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
Rule 403 provides although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

2:
The trial court need not engage in this balancing test unless the opponent of the evidence further objects based upon Rule 403, that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.   Once a Rule 403 objection is raised, however, the trial court has no discretion as to whether or not to engage in the balancing process.  
See
 Mozon v. State, 991 S.W.2d 841 (Tex.Cr.App. 1999).

3: Effective March 1, 1998, the Texas Rules of Criminal Evidence and Texas Rules of Civil Evidence were merged into the new Texas Rules of Evidence.  Rule 403 of the Rules of Evidence is the same as former Rule 403 of the Rules of Criminal Evidence.  Thus, the scope and application of the new rule would be the same as under the old one.  Because this case was tried before the effective date of the new rules, however, we will apply the former Texas Rules of Criminal Evidence.

4:
Upon a remand from the Court of Criminal Appeals, the only new issues that should be briefed are those issues raised as a result of the opinion by the Court of Criminal Appeals, its application on remand, and any subsequent authorities on issues that had previously been presented.  Bell v. State, 956 S.W.2d 560, 561 (Tex.Cr.App. 1997). 

5:
On remand, appellant also challenges the admission of extraneous offense evidence as it relates to his father and his ex-wife.  However, by our prior opinion, we previously found that appellant had waived any error by stating “no objection” when extraneous offense evidence involving appellant’s father was offered.  
See Smith
, 968 S.W.2d at 460.  We also ruled that the extraneous offense evidence involving appellant’s ex-wife was cumulative and that any error in its admission was harmless.  
See id.
 at 461.  Therefore, we will not again address these issues.