NO. 07-06-0486-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2008

______________________________


JEREMY JAY BROCK, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-06D-049; HON. ROLAND SAUL, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 
OPINION
          Appellant Jeremy Jay Brock appeals from his conviction of the offense of murder
and his resulting sentence of life imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. Via two points of error, appellant contends that the trial
court abused its discretion by admitting evidence of extraneous bad acts and by failing to
grant a mistrial after a witness testified to a statement that had been suppressed by the
court. Finding no error, we affirm.
Factual and Procedural Background
          By an April 2006 indictment, appellant was charged with the murder of his estranged
wife by shooting her with a gun. On his plea of not guilty, the matter proceeded to trial by
jury.
          Because the sufficiency of the evidence supporting appellant’s conviction is not
challenged on appeal, we mention only those facts necessary to our decision. During the
four-day trial, evidence established that on December 26, 2005, appellant’s estranged wife
opened the front door of her residence and was fatally shot in the head. The State used
more than twenty witnesses and more than 150 exhibits to illustrate the events of that day,
describe the troubled relationship between appellant and his estranged wife, and show that
appellant was the person who shot her. 
          The defense’s case emphasized the possibility the murder was committed by
another person. In cross-examination of police witnesses, the defense established
fingerprints found at the scene were checked only against appellant’s fingerprints and not
against any other potential suspects. The defense pointed to a friend of the couple, who
acknowledged he was having an affair with the victim. Evidence showed this individual
owned a handgun that was not examined by police. The defense also attempted to
discredit the testimony of an eight-year-old witness by challenging her recall of the events. 

          At the close of the evidence, the jury found appellant guilty as charged in the
indictment and assessed punishment as noted. This appeal followed.
                                                     Analysis 
Evidence of Extraneous Conduct 
          Appellant’s first point of error contends the trial court erred by admitting evidence
of five prior acts of extraneous conduct. The acts include an incident in 2003 in which a
witness intervened in an argument between appellant and his wife, and appellant
threatened the witness with a shotgun; an incident in 2000 in which appellant used a
witness to scare his wife into believing he would take their daughters from her; an incident
in 2002 in which appellant’s wife told a witness that after she and appellant argued, he
threatened her while in a moving vehicle; and an incident in November 2005 in which
appellant followed his wife in her car, forced her to stop, confronted her and grabbed a cell
phone out of her hand. Appellant similarly complains of admission of evidence that in
November 2005, he was placed under a 60-day “magistrate’s order” prohibiting appellant
from any contact with his wife or her three children. Appellant argues the evidence
constituted evidence of extraneous offenses not falling within any exception under Texas
Rule of Evidence 404(b). He also presents argument under Rule of Evidence 403. 
Applicable Law
          Rule 404(b) provides that “[e]vidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in conformity
therewith.” Tex. R. Evid. 404(b). However, such evidence may be admissible for other
purposes, such as to show “motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident.” Tex. R. Evid. 404(b); Montgomery v. State,
810 S.W.2d 372, 387-88 (Tex.Crim.App. 1990) (op. on reh’g).
          And even relevant evidence may be excluded if its probative value is “substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of cumulative
evidence.” Tex. R. Evid. 403. The term “probative value” refers to the inherent probative
force of an item of evidence–that is, how strongly it serves to make more or less probable
the existence of a fact of consequence


 to the litigation-coupled with the proponent's need
for that item of evidence. Casey v. State, 215 S.W.3d 870, 879-80 (Tex.Crim.App. 2007),
citing Gigliobianco v. State, 210 S.W.3d 637, 641 (Tex.Crim.App. 2006). A trial court’s
ruling on the admission of evidence is reviewed under an abuse of discretion standard. 
Montgomery, 810 S.W.2d at 379. As long as the trial court’s ruling falls within the zone of
reasonable disagreement, in view of all the relevant facts, an appellate court will affirm the
court’s ruling. Moss v. State, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). Thus, an
appellate court should not set aside the trial court’s rulings absent a showing in the record
that the trial court has abused that discretion. Montgomery, 810 S.W.2d at 379. 
 
          Article 38.36(a) of the Texas Rule of Criminal Procedure provides: “In all
prosecutions for murder, the state or the defendant shall be permitted to offer testimony
as to all relevant facts and circumstances surrounding the killing and the previous
relationship existing between the accused and the deceased, together with all relevant
facts and circumstances going to show the condition of the mind of the accused at the time
of the offense.” Evidence admissible under article 38.36(a) nevertheless may be excluded
under Rule 404(b) or Rule 403. Garcia v. State, 201 S.W.3d 695, 702 (Tex.Crim.App.
2006), cert. denied, __U.S.__, 127 S.Ct. 1289, 167 L.Ed.2d 106 (2008) (article 38.36 and
Rules 403 and 404(b) can be applied congruously); Smith v. State, 5 S.W.3d 673, 679
(Tex.Crim.App. 1999). See also Barnes v. State, No. 04-06-00379-CR, 2007 WL 3171298,
(Tex.App.–San Antonio Oct. 31, 2007, pet. dism’d) (mem. op., not designated for
publication) (recognizing same). Thus, if a Rule 404(b) objection is raised to evidence
proffered under article 38.36(a), the trial court may properly admit the evidence only if it
first finds the non-character conformity purpose for which it is proffered is relevant to a
material issue in the case. Smith, 5 S.W.3d at 679. And if the proffered evidence is
challenged under Rule 403, the court also must determine whether it should nevertheless
be excluded because its probative value is substantially outweighed by the factors in Rule
403. Id. 
Application
          Evidence showed that appellant and his wife’s marriage was tumultuous. One friend
described their relationship as having “the highest of highs and the lowest of lows.” A 
close family friend called it “rocky.” They separated several times. Appellant
acknowledges that evidence of the nature of their relationship was admissible. He argues,
however, that the relationship evidence involving his extraneous bad acts was not properly
admitted for a purpose other than to suggest he was acting in conformity with his past bad
character in their relationship. We disagree. The two incidents occurring in 2005, within
two months of the murder, were probative of appellant’s motive to kill his wife.


 Both
incidents were associated with her final separation from him and establishment of a
residence next door to her family members. And the November 2005 incident caused
appellant to lose his job. The three previous incidents, while more remote in time


 and in
probative value, also served to explain to the jury how appellant, the victim’s husband of
five years and father of two of her children, became motivated to kill her. Evidence of prior
hostile offenses by the accused against the victim is admissible as circumstantial evidence
of motive. Bisby v. State, 907 S.W.2d 949, 958 (Tex.App.–Fort Worth 1995, pet. ref’d); 
Page v. State, 819 S.W.2d 883, 887 (Tex.App.–Houston [14th Dist.] 1991, pet. ref’d),
quoting Foy v. State, 593 S.W.2d 707, 709 (Tex.Crim.App. 1980) (panel op.) (“[e]vidence
of prior extraneous offenses committed by the accused against the victim of the offense
charged that show ill will or hostility toward the victim is admissible as part of the State’s
case in chief as circumstantial evidence of the existence of a motive for committing the
offense charged.”). Although motive is not an essential element of murder, evidence of
motive is admissible because it is a circumstance tending to prove the commission of the
offense. Bush v. State, 628 S.W.2d 441, 444 (Tex.Crim.App. 1982); Bisby, 907 S.W.2d
at 958. Admission of the extraneous bad act evidence here did not contravene Rule
404(b). 
          We conclude also that Rule 403 did not require the trial court to exclude the
challenged evidence. A trial court must balance (1) the inherent probative force of the
proffered item of evidence along with (2) the proponent's need for that evidence against
(3) any tendency of the evidence to suggest decision on an improper basis, (4) any
tendency of the evidence to confuse or distract the jury from the main issues, (5) any
tendency of the evidence to be given undue weight by a jury that has not been equipped
to evaluate the probative force of the evidence, and (6) the likelihood that presentation of
the evidence will consume an inordinate amount of time or repeat evidence already
admitted. Casey, 215 S.W.3d at 880.
          The trial court was acting within its discretion to find the challenged evidence had
probative force to explain the relationship between appellant and his wife, and how that
relationship motivated her murder. The introduction of the extraneous conduct evidence
took little time in comparison to the other evidence presented at trial and we see little risk
the evidence suggested to the jury a decision on an improper basis, or confused or
distracted the jury. The trial court instructed the jury after each witness testified,



concerning the limited purpose for which they were to consider the evidence. 
          Concluding the court did not err by admitting the challenged evidence, we overrule
appellant’s first point of error on appeal. 
Failure of Trial Court to Grant Motion for Mistrial
          In appellant’s second point of error, he contends that the trial court abused its
discretion by denying his motion for a mistrial following the testimony of a Deaf Smith
County deputy sheriff. During appellant’s cross-examination, appellant asked when the
deputy determined appellant to be a suspect in the victim’s murder. In answering that
question, the deputy made reference to a “confession” made by appellant that had been
previously suppressed by the court. Counsel approached the bench and after discussion
there, the court, at appellant’s request, instructed the jury, “please disregard the fact that
[the deputy] said there was a confession in this case. Do not consider that for any reason.”
Appellant also asked for a mistrial, which the court denied. 
          We review a trial court's denial of a mistrial under an abuse of discretion standard. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). See also Archie v. State, 221
S.W.3d 695, 699-700 (Tex.Crim.App. 2007). Mistrial is a device used to halt trial
proceedings when the error is so prejudicial that expenditure of further time and expense
would be wasteful and futile. Ladd, 3 S.W.3d at 567. To determine whether a given error
necessitates a mistrial, we must examine the particular facts of the case. Id. A mistrial is
only required when the impropriety is clearly calculated to inflame the minds of the jury and
is of such a character as to suggest the impossibility of withdrawing the impression
produced on the minds of the jury. Hinojosa v. State, 4 S.W.3d 240, 253 (Tex.Crim.App.
1999). See also Hawkins v. State, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004) (only in
extreme circumstances, where the prejudice is incurable, will a mistrial be required). When
objectionable testimony is elicited, inadvertently or deliberately, an appellate court
presumes the jury will follow instructions to disregard the evidence. Drake v. State, 123
S.W.3d 596, 604 (Tex.App.–Houson [14th Dist.] 2003, pet. ref’d), citing Ladd, 3 S.W.3d at
567 as quoting Gardner v. State, 730 S.W.2d 675, 696 (Tex.Crim.App. 1987) (en banc).
          Certainly, improper testimony that the defendant has confessed carries a significant
risk of prejudice. Several factors, however, convince us that the trial court did not abuse
its discretion by denying a mistrial here. First, the reference was brief, unclear and not
emphasized.


 Appellant’s counsel continued his cross-examination with four more
questions after the response that included the reference to the confession before
approaching the bench. At the bench conference, counsel asked that the response be
read back to him so he could make sure he understood it. Although the line of questioning
focused on appellant, the deputy’s response did not expressly identify appellant as the
maker of the confession. Second, the court’s instruction was worded in a way that
minimized the risk of prejudice. The court instructed the jury to disregard “the fact that [the
deputy] said there was a confession.” (emphasis ours). Third, we cannot ignore the fact
that appellant elicited the deputy’s improper, but almost certainly inadvertent, reference to
the suppressed confession. These factors combine to satisfy us that the reference was
not so inflammatory as to prejudice the jury beyond repair. 
          We will give effect to the presumption that the trial court's well-worded instruction
cured any prejudicial effect the comment otherwise would have had. See Wesbrook v.
State, 29 S.W.3d 103, 116 (Tex.Crim.App. 2006) (we presume the trial court’s instruction
to disregard was followed by jurors); Williams v. State, 937 S.W.2d 479, 490
(Tex.Crim.App. 1996); Waldo v. State, 746 S.W.2d 750754 (Tex.Crim.App. 1988); Louis
v. State, 61 S.W.3d 593, 598 (Tex.App.–Amarillo 2001, pet. ref’d) (jury presumed to follow
instruction to disregard). See also Wilkerson v. State, 881 S.W.2d 321, 327
(Tex.Crim.App. 1994), cert. denied 513 U.S. 1060 (1994) (an instruction to disregard will
generally cure the error).


 Accordingly, we resolve appellant's second issue against him. 
We affirm his conviction and sentence.
 
James T. Campbell

Justice



Publish.