

NUMBER 13-10-00691-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**WHITNEY JAMES TRACE JURASEK,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

**On appeal from the 24th District Court
of Jackson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Benavides**

Appellant Whitney James Trace Jurasek challenges his jury conviction for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). He was sentenced to fourteen years' imprisonment in

the Institutional Division of the Texas Department of Criminal Justice. By one issue, appellant asserts that the trial court erroneously admitted evidence concerning extraneous offenses during the guilt-innocence phase of his trial. We affirm and conclude that the trial court did not abuse its discretion in admitting the complained-of evidence.

## I.    BACKGROUND

Prosecutors alleged that appellant assaulted his former sister-in-law (T.J.) by punching her in the head using a closed small box cutter/knife.[1] This incident stemmed from an argument in the early morning hours of June 16, 2008 in the parking lot of an apartment complex in Jackson County, Texas. The punch caused T.J.'s head to bleed severely.

During the State's case-in-chief, testimony was elicited from T.J., appellant's ex-girlfriend Rebekah Oakley, and appellant's brother Corey Lee Jurasek, among others. Over defense counsel's repeated and running objection, the trial court allowed testimony from each witness of four prior acts of alleged assault committed by appellant against T.J., Oakley, and Corey over an eight-year period.

The first prior act dealt with appellant's alleged assault against T.J. in 2000, when appellant threw T.J. across the room into a wall and threatened to beat her. The second incident took place in 2002 when appellant punched Corey as he recovered from kidney stone surgery, and appellant again threw T.J. across the room and punched her. The third prior act took place three months prior to the offense, made the basis of this

---

[1] Throughout the proceedings, the alleged deadly weapon was referred to as both a "knife" and a "box cutter."

appeal, when appellant attempted to prevent T.J. and Oakley from attending a school-sponsored field trip with their daughters. During this incident, appellant threatened to slash T.J.'s tires and assaulted both T.J. and Oakley later that day. The fourth prior act involved an assault on Corey prior to trial after appellant discovered that Corey had cooperated with police officers to corroborate T.J. and Oakley's stories about the incident on June 16, 2008.

The jury convicted appellant of aggravated assault with a deadly weapon, a second-degree felony, and on the jury's verdict, the trial court sentenced him to fourteen years in the Texas Department of Criminal Justice's Institutional Division. *See* TEX. PENAL CODE ANN. § 22.02. This appeal ensued.

## II. ADMISSIBILITY OF EXTRANEOUS OFFENSES

In his sole issue, appellant contends that the trial court erred when it admitted four extraneous offenses[2] during the guilt/innocence phase of his trial. *See* TEX. R. EVID. 404(b).

### A. Standard of Review and Applicable Law

We review a trial court's rulings on admissibility of extraneous offenses for an abuse of discretion. *See Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). So long as the trial court's ruling is "within the 'zone of reasonable disagreement,'" there is no abuse of discretion and the ruling will be upheld. *Devoe*, 354 S.W.3d at 469 (quoting *Prible*, 175 S.W.3d at

---

[2] We disagree with the State's argument that appellant waived error on the fourth admitted extraneous act. Accordingly, we will address all four prior acts raised in appellant's brief.

731); *see Reyes v. State*, 69 S.W.3d 725, 735 (Tex. App.—Corpus Christi 2002, pet. ref'd).

Generally, evidence involving other crimes, wrongs, or acts is not admissible to prove character of a person; however, the evidence may be admissible for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." TEX. R. EVID. 404(b); *see Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (en banc).

**B.  Discussion**

Appellant argues that the trial court abused its discretion when it admitted the State's evidence of extraneous acts committed by appellant, because the actual incident on June 16, 2008 could have easily been understood by the jury without it. We disagree.

The State argued for the admissibility of the four extraneous offenses in order to make appellant's motive more clear—specifically, to demonstrate his ill will and hostility toward T.J. The court of criminal appeals has held that "in cases in which the prior relationship between the victim and the accused is a material issue, illustrating the nature of the relationship may be the purpose for which evidence of prior bad acts will be admissible." *Garcia v. State*, 201 S.W.3d 695, 703 (Tex. Crim. App. 2006). Furthermore, the evidence will be relevant "if the purpose for which the party seeks to have it submitted tends to make 'the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* Issues of materiality thus depend on the theories of the prosecution and defense. *See id.* Here, the State's theory for motive was aided through the

introduction of these extraneous acts. Offers of extraneous offenses and acts to show ill will or hostility toward the victim are admissible "as circumstantial evidence of the existence of a motive for committing the offense charged." *Foy v. State*, 593 S.W.2d 707, 709 (Tex. Crim. App. [Panel Op.] 1980); *Bisby v. State*, 907 S.W.2d 949, 958 (Tex. App.—Fort Worth 1995, pet. ref'd). Accordingly, because the nature and background of appellant's relationship with T.J. was a material issue to this case in order to show motive, the trial court's ruling of the prior acts' admissibility was not an abuse of discretion and was within the zone of reasonable disagreement.

In the alternative, appellant argues that even if the admitted acts were relevant, their prejudicial effect substantially outweighed their probative value. *See* TEX. R. EVID. 403. The trial court has discretion to exclude extraneous offense evidence if it finds that the evidence's probative value is substantially outweighed by the danger of unfair prejudice. *See Montgomery*, 810 S.W.2d at 387. In conducting this balancing test, the trial court should analyze several factors, including, but not limited to, the probativeness of the proffered evidence, as well as the proponent's need for the extraneous evidence to establish the fact of consequence. *See id.* at 389–90. Here, the State's establishment of motive rested almost exclusively on these prior/extraneous acts against T.J. or in retaliation of the present charge. Limited to this case, appellant and T.J.'s relationship was probative to help develop the State's case and establish appellant's motive to assault T.J. We conclude the trial court, again, did not abuse its discretion in overruling appellant's rule 403 objections.

Appellant's sole issue on appeal is overruled.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of May, 2012.