**Thomas William NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–00414–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 11, 1991.

William K. Goode, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Thomas William Nelson, appeals the trial court's denial of his writ of habeas corpus claiming that a retrial of him for the offense of burglary of a vehicle will violate the double jeopardy clauses to the 5th Amendment of the United States Constitution and Article I section 14 of the Texas Constitution. Appellant's contention is that the jury in his first trial, on the same charge, was not allowed to deliberate for a sufficient amount of time, taking into consideration the nature of the case and the evidence, before the trial court declared a mistrial and discharged the jury, over appellant's objection. We affirm.

On March 6, 1991, a jury was impaneled for appellant's trial. Evidence was adduced from three prosecution witnesses and one defense witness. The entire testimony for both sides was presented in 107 minutes. The court recessed until the next day. On March 7, 1991, the charge was read to the jury, and at 10:46 A.M. the jury began its deliberation. At 12:10 P.M. the jury was excused for lunch. It returned at 1:20 P.M. and resumed deliberation. At 1:55 P.M. the jury returned to the courtroom and informed the court that it was deadlocked 10–2 and could not reach a verdict. The court after consulting with appellant returned the jury for further deliberations at 2:00 P.M. At 3:24 P.M. the jury returned, another individual poll of the jury

was taken, which revealed the same 10–2 deadlock, with the same jurors comprising that split. After the jury foreperson assured the court that further deliberations would not resolve the deadlock, the trial court declared a mistrial, over objection of both appellant and his counsel. In each poll, the trial court questioned each of the jurors individually.

The following transpired in the courtroom:

(Jury present, 1:57 p.m.)

THE COURT: Ms. Andrews,—

FOREMAN: Yes, sir.

THE COURT: I have your note, "What happens if we cannot agree?" So, obviously, you're having some problem. Tell me—don't tell me whether it's for guilt or innocence. I just want to know the number. You're some combination of 12.

MS. ANDREWS: 10 to 2.

THE COURT: 10 to 2.

Do you think with further deliberations you would resolve the difficulty that you're having?

MS. ANDREWS: No, sir.

THE COURT: You do not.

How do you feel about it?

JUROR: Not guilty.

THE COURT: No, I mean about the question I just asked. Do you think with further deliberations you could resolve the issue that you're having?

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: I don't know.

THE COURT: In the back row?

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

THE COURT: All right. The numbers are the jury—It took 1 hour and 47 minutes to put on the testimony. The jury has now deliberated 2 hours and 40 minutes. What would you suggest?

DEFENSE ATTORNEY: Your Honor, the Defense would suggest further deliberations.

THE COURT: All right. I'll ask you to return to the jury room and continue your deliberations in an effort to arrive at a verdict in this cause.

(Jury retires for further deliberations.)

(Jury present, 3:20 p.m.)

THE COURT: Ms. Andrews, let me address you again. I have your note, "We do not agree. We all feel that more time would not change our votes. 10 to 2."

Are you still at 10 to 2?

MRS. ANDREWS: (Indicates affirmatively.)

THE COURT: Same 10?

MRS. ANDREWS: (Indicates affirmatively.)

THE COURT: Same 2?

MRS. ANDREWS: (Indicates affirmatively.)

THE COURT: Let me ask you: Do you feel with further deliberations you could resolve what difficulty you're having in arriving at a verdict in this cause?

MRS. ANDREWS: No, Your Honor.

THE COURT: What is your thought, ma'am?

JUROR: No.

THE COURT: What is your thought in the matter?

JUROR: No.

THE COURT: Yours?

JUROR: No.

THE COURT: Yours?

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

JUROR: No.

THE COURT: All right. Do I have a Motion for Mistrial?

DEFENSE ATTORNEY: No.

THE COURT: Do I have your, Mr. Nelson, do I have your permission to excuse this jury now in view of their findings?

DEFENDANT: No, sir.

THE COURT: I do not. Overrule your objection. I'm going to excuse the jury and declare a mistrial in this case.

Article 36.31, Vernon's Ann.C.C.P. provides:

> After the cause is submitted to the jury, it may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree.

■ The rule is well settled that the exercise of discretion in declaring a mistrial is determined by the amount of time the jury deliberates considered in light of the nature of the case and the evidence. *Patterson v. State*, 598 S.W.2d 265, 268 (Tex. Crim.App.1980); *Beeman v. State*, 533 S.W.2d 799 (Tex.Crim.App.1976); *Brown v. State*, 508 S.W.2d 91 (Tex.Crim.App.1974). In *Brown v. State*, the Court stated that in order to determine whether a jury has been prematurely discharged, the appellate court must know some of the facts to indicate the amount and length of testimony the jury was called upon to consider in their deliberations, the time consumed by the trial and then must weigh this time element against the time that the jury deliberated prior to its discharge.

In *Beeman v. State, supra,* the Court reversed the defendant's conviction, holding that the trial court abused its discretion in declaring a mistrial and that the trial court should have sustained the defendant's plea of former jeopardy. In *Beeman v. State, supra,* the jury was out for two hours before being discharged by the court. The initial vote of the jury in *Beeman v. State*, supra, was 6–6, then 8–4, and when the jury was discharged, the vote was 10–2. Only the jury foreman was questioned concerning the deliberations, and the court declared a mistrial over the objections of both the State and the defendant.

■ In the instant case, the presentation of the evidence took one hour and forty seven minutes. The record of the trial reveals that the State presented three witnesses and that the evidence of appellant's alleged guilt was circumstantial. The police arrested appellant and his brother outside the burglarized van. The defense presented appellant's brother, Joseph Nelson, a co-defendant who pled guilty and received a probated sentence so he could get out of jail. The brother testified that he in fact was not guilty. Joseph Nelson testified, further, that he and appellant noticed a light on in the van and went to investigate and that he, Joseph Nelson, reached into the van to turn off the radio with no intent to commit theft.

The jury deliberated for three hours and twenty-three minutes. The record reveals that after the jury had deliberated about two hours they were polled by the court. That poll revealed that the jury was deadlocked at 10–2. The jury was directed to return for further deliberations. Almost an hour and half later another poll of the jury indicated the same 10–2 deadlock, with the same jurors comprising that split, and with the assurances of the jury foreperson that further deliberations would not resolve the deadlock, the trial court declared a mistrial, over objection of both appellant and his counsel. In each poll, the trial court questioned each of the jurors individually.

We find that, based upon the evidence at the habeas hearing, the trial court did not abuse its discretion in discharging the jury. The jury deliberated almost twice as long as the time which was required to present the evidence. The jury foreperson indicated that the jury was deadlocked and that further efforts would not be fruitful. The jurors were individually polled, and the composition of the deadlock in both identity of jurors and numbers had not changed following additional deliberations. *Patterson v. State*, 598 S.W.2d 265, 268 (Tex. Crim.App.1980); *Muniz v. State*, 573 S.W.2d 792 (Tex.Crim.App.1978); *Satterwhite v. State*, 505 S.W.2d 870 (Tex.Crim. App.1974). Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.