**Opinion issued October 29, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01171-CR

————————————

## KELLI RAE O'DEA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 185th District Court
Harris County, Texas
Trial Court Case No. 1343334

## MEMORANDUM OPINION

Kelli Rae O'Dea appeals a judgment convicting her of indecency with a

child. *See* TEX. PENAL CODE ANN. § 21.11(a) (West 2011). A jury found O'Dea

guilty and assessed punishment at five years' confinement probated for five years.

1

O'Dea contends that the evidence is legally insufficient to support her conviction and that the trial court erred in denying her motion for a mistrial. We affirm.

## Background

O'Dea and her husband, Sean O'Dea,[1] have been close friends with the complainant's family for about five years. On several occasions, the complainant's parents allowed their son, the sixteen-year-old complainant, D.M., to play video games and stay the night at the O'Deas' home.

On February 4, 2012, D.M. visited the O'Deas' home. That evening, several adult couples also came over for an impromptu gathering. Several of these guests testified at trial, and O'Dea conceded, that she became intoxicated and kissed D.M. on the back patio.

At trial, D.M. testified that after all of the other guests left, the O'Deas asked him how he would feel about watching them have sex. He testified that he was unsure of how to respond, but accompanied the O'Deas into their bedroom, where the couple undressed and had sex on the bed. D.M. testified that he saw O'Dea's breasts and genitals, but was unable to recall her tattoo or the piercings on her breasts, navel, and genitals. He also testified that afterward, the O'Deas asked him what he thought about observing their sexual encounter.

---

[1] Sean O'Dea was a co-defendant in this case (Cause No. 1343335) and was found guilty of indecent exposure.

2

O'Dea and her husband testified at trial. Both testified that they had sex that night with their bedroom door open, but that they never invited D.M. to watch them and had no indication that he was watching.

The jury reported that it was deadlocked after it had deliberated for approximately five hours. O'Dea moved for a mistrial, but the trial court denied it and gave an *Allen* charge.[2] A few hours later, the jury returned a verdict finding O'Dea guilty of indecency with a child. O'Dea appeals.

## Sufficiency of the Evidence

In her first point of error, O'Dea contends that the evidence is insufficient to support her conviction. She argues that D.M.'s inability to describe or even recall the tattoo on her groin and piercings on her breasts and genitals demonstrates his lack of credibility as a matter of law.

## A.    Standard of Review

"[E]vidence is insufficient to support a conviction if considering all record evidence in the light most favorable to the verdict, a factfinder could not have rationally found that each essential element of the charged offense was proven

---

[2]    An *Allen* charge attempts to break a deadlocked jury by instructing jurors that the result of a hung jury is a mistrial and that jurors at a retrial would face essentially the same decision, encouraging them to resolve their differences without coercing one another or violating their individual choices. *Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896); *Torres v. State*, 961 S.W.2d 391, 393 n.1 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

beyond a reasonable doubt." *Gonzalez v. State*, 337 S.W.3d 473, 478 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).

"Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere 'modicum' of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged." *Gonzalez*, 337 S.W.3d at 479, (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11; *Laster*, 275 S.W.3d at 518; and *Williams*, 235 S.W.3d at 750)). If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *Gonzalez*, 337 S.W.3d at 479 (citing *Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982)).

An appellate court "determine[s] whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, an appellate court presumes that the factfinder resolved the conflicts in favor of the

verdict and defers to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. "An appellate court likewise defers to the factfinder's evaluation of the credibility of the evidence and the weight to give the evidence." *Gonzalez*, 337 S.W.3d at 479 (citing *Williams*, 235 S.W.3d at 750).

**B.     Analysis**

To prove indecency with a child, the State bore the burden to prove beyond a reasonable doubt that: (1) the defendant exposed her anus or any part of her genitals; (2) knowing a child under 17 was present; (3) with intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a)(2)(A).

A child complainant's testimony alone may support a conviction for indecency with child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2012); *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd) ("a complainant's testimony alone is sufficient to support a conviction for indecency with a child"). "As long as the evidence provides the requisite proof needed to satisfy the elements of the offense charged, the evidence is legally sufficient." *Bousquet v. State*, 47 S.W.3d 131, 137 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). The factfinder determines the credibility of witnesses and the weight to give any conflicting testimony. *Williams*, 235 S.W.3d at 750. We may not re-evaluate the credibility or weight of the evidence. *Id.*

The evidence at trial showed that the O'Deas had been close with D.M. and his parents for several years and that the two families frequently spent time together. D.M. testified that on the night of the incident, when he was less than seventeen years old, the O'Deas invited him to watch them have sex, and that he saw O'Dea's breasts and genitals during the encounter. This testimony is sufficient to support O'Dea's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Bousquet*, 47 S.W.3d at 137 (finding child complainant's video testimony sufficient to support indecency conviction). As the factfinder determines the credibility of witnesses and the weight to give their testimony, it is up to the factfinder to resolve conflicts in testimony. *Williams*, 235 S.W.3d at 750; *Clayton*, 235 S.W.3d at 778. As an appellate court, we defer to these credibility determinations. *Williams*, 235 S.W.3d at 750. We conclude that the jury rationally could have resolved the conflicts in the testimony against O'Dea and believed D.M.'s account of the night's events.

O'Dea contends that D.M.'s inability to recall or describe O'Dea's tattoo and piercings makes him incredible as a matter of law. We disagree. The factfinder determines the credibility of the witness. *Williams*, 235 S.W.3d at 750. Moreover, the Court of Criminal Appeals has noted that requiring children to recount such details with the same clarity and ability as is expected of mature adults would "condone, if not encourage, the searching out of children to be the

victims of crimes . . . in order to evade successful prosecution." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

We overrule O'Dea's first point of error.

**Motion for Mistrial**

In her second point of error, O'Dea contends that the trial court abused its discretion in denying her motion for mistrial because the jury had deliberated for a sufficient period of time before reporting it was deadlocked.

**A.     Standard of Review**

A trial court may in its discretion discharge a jury that has deliberated for such time as to render it altogether improbable that it can agree. *See* TEX. CODE CRIM. PROC. ANN. art. 36.31 (West 2006). The "[l]ength of time a jury may be held for deliberation rests in the discretion of the trial judge." *See Howard v. State*, 941 S.W.2d 102, 121 (Tex. Crim. App. 1996) (en banc) (quoting *Montoya v. State*, 810 S.W.2d 160, 166 (Tex. Crim. App. 1989) (en banc)). "The rule is well settled that the exercise of discretion in declaring a mistrial is determined by the amount of time the jury deliberates considered in light of the nature of the case and the evidence." *Nelson v. State*, 813 S.W.2d 651, 653 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (quoting *Patterson v. State*, 598 S.W.2d 265, 268 (Tex. Crim. App. [Panel Op.] 1980)); *Beeman v. State*, 533 S.W.2d 799, 800 (Tex. Crim. App. 1976).

An appellate court reviews a trial court's ruling on a motion for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We must uphold a trial court's ruling on a motion for mistrial if it was within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (en banc)).

**B.     Analysis**

O'Dea contends that, given the simplicity of the case, the jury deliberated for a sufficient amount of time before informing the court it could not reach a decision and, therefore, the trial court abused its discretion in giving the *Allen* charge and denying her motion for mistrial.

Numerous appellate courts have found no abuse of discretion in denial of a motion for mistrial in cases where the time spent deliberating exceeded the length of the trial. *See, e.g.*, *Page v. State*, 819 S.W.2d 883, 885–86 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (no abuse of discretion in denying motion for mistrial when jury reported deadlock after three hours' deliberation following thirty-minute punishment trial); *Byars v. State*, 691 S.W.2d 48, 50–51 (Tex. App.—San Antonio 1985, no pet.) (finding no abuse of discretion in requiring jury to deliberate more than ten and one-half hours following day-long sexual abuse trial); *Moses v. State*, No. 14-99-00377-CR, 2004 WL 78162, at *1 (Tex. App.—

Houston [14th Dist.] Jan. 20, 2004, no pet.) (mem. op., not designated for publication) (finding defendant not entitled to mistrial when jury had deliberated for eight hours following four-and-one-half-hour trial).

Here, the evidence was presented over the course of three days, and the jury deliberated approximately five hours before it reported being deadlocked and O'Dea moved for a mistrial. Although O'Dea correctly points out that this was not a trial involving complex facts or voluminous exhibits, the jury did have to weigh the testimony of the child complainant against the conflicting testimony of the O'Deas. Because of this and because the period of time the jury deliberated was not so disproportionate to the length of the trial as to require the jury's dismissal and a declaration of mistrial, the trial court did not abuse its discretion in denying O'Dea's motion for mistrial. *See Bledsoe v. State*, 21 S.W.3d 615, 623–24 (Tex. App.—Tyler 2000, no pet.) (no abuse of discretion in denying mistrial where jury deliberated four hours after two-day trial and had to weigh conflicting testimony).

We overrule O'Dea's second point of error.

## Conclusion

We affirm the judgment of the trial court.


                        Rebeca Huddle
                        Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).