**Affirmed and Opinion filed July 29, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-00583-CR

### DOUGLAS KARL KATZENBERGER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 1362403**

## O P I N I O N

Appellant Douglas Karl Katzenberger appeals his conviction for aggravated sexual assault of a child. In his sole issue, he contends that the trial court abused its discretion in denying his motion for mistrial and instead issuing an *Allen* charge when the jury sent out a note indicating it was deadlocked after ten and one-half hours of guilt-innocence deliberations. We affirm.

### *Background*

Appellant was charged with aggravated sexual assault of a child committed on

May 1, 1996.  He pleaded not guilty, a jury was impaneled, and the evidentiary portion of the trial commenced on June 18, 2013.  Evidence was presented from ten witnesses and the entire guilt-innocence phase of the trial lasted in excess of seven hours over a three day period.[1]  Several witnesses described participating in an intervention at appellant's home in January 1998.  This meeting occurred a few days after complainant informed his mother of the alleged sexual assault two years prior.  According to the witnesses, upon being confronted, appellant appeared shocked and confused, and there exists a discrepancy among the witnesses' accounts as to whether appellant admitted to sexually molesting complainant or simply failed to deny the accusations.[2]  Further testimony revealed appellant agreed to counseling.[3]  Complainant also testified regarding details of the assault.

The jury began deliberations on Thursday, June 20, 2013 at 10:25 a.m. and deliberated six hours until being excused for the day at 4:25 p.m.  The trial court received three notes from the jury throughout the day:

**Jury Note 1 at 11:52 a.m.:**

1) Could we be given a copy of the original police report from 1998?

2) If not, could we review the portion of the report where the father reported what the victim told him?

**Response at 11:52 a.m.:**  No.  Neither were admitted into evidence.

---

[1] The State claims the trial lasted seven and one-half hours while the appellant claims the trial lasted more than seven hours.  Entries on the trial court's docket sheet indicate the trial lasted in excess of seven hours.

[2] Complainant's father testified appellant initially denied the accusations but then admitted he committed the offense.  Complainant's mother testified appellant admitted to sexually molesting her son, while a family friend testified appellant apologized and agreed to get help.  Appellant's employers and other family members testified he never denied the accusations.

[3] Complainant's mother and father testified appellant agreed to register as a pedophile wherever he moved; other witnesses, however, apparently were not aware of this agreement.

**Jury Note 2 at 1:36 p.m.:**  May we review the portion of the transcript where [the father] was testifying about the police report that recorded what 5-year old [victim] told [father]?

**No response provided in record.**

**Jury Note 3 at 4:22 p.m.:**  We currently have not reached a decision.  Firstly, what time are deliberations expected to end for today, and secondly, if needed, will deliberations be held tomorrow or will they resume on Monday?

While no written response was provided to Jury Note 3, the trial judge brought the jury out at 4:25 p.m. and retired them through the weekend until the following Monday, June 24, 2013.

On Monday, June 24, 2013, the jury resumed deliberations at 9:10 a.m. and continued until it retired for lunch at 12:45 p.m.  At 1:55 p.m., the jury resumed deliberations until it sent out Jury Note 4 after approximately ten hours and thirty minutes of deliberations over the course of two days with a three day recess in between.

**Jury Note 4 at 2:52 p.m.:**  The jury is significantly polarized and the opinions expressed can be characterized as <u>firm</u>.

On the record but outside the presence of the jury, the trial judge stated that she interpreted the note as indicating the jury was deadlocked.  The judge noted however, that "they've . . . been working and haven't felt the need to send a note out until this point."  Based on this observation, the judge decided to give the jury an *Allen* charge.

Appellant then moved for a mistrial, arguing that sending an *Allen* charge after ten hours of deliberation "could potentially cause [a juror] to violate [his or her] conscience and could be unduly coercive."  In response, the State contended the *Allen* charge was appropriate in light of the three day recess, which the State suggested could cause the deliberation process to essentially start over.  The trial judge denied appellant's motion for mistrial and, at 3:05 p.m., read the following *Allen* charge to the jury:

3

Members of the jury, if this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.

With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury if you can do so without doing violence to your conscience. Don't do violence to your conscience, but continue deliberating.[4]

The jury resumed deliberations at 3:10 p.m. and was excused for the day at 4:50 p.m. The following day, Tuesday, June 25, 2013, the jury resumed deliberations at 9:10 a.m. The trial court then received Jury Note 5.

**Jury Note 5 at 9:28 a.m.:**

1) Are we correct in our understanding that the police report was not entered into evidence as it is considered hearsay?

2) We have 4 specific disputes of testimony—do we need 4 more forms to address the disputes? If so, can we be given the forms?

**Response at 9:28 a.m.:** Yes. Ok.

The jury sent out three requests at 9:39 a.m. to have certain testimony read back. The court reporter read back the requested portions of testimony at 11:25 a.m. The jury resumed deliberations at 11:30 a.m. and found appellant guilty at 11:53 a.m. The jury was polled at 11:55 a.m. and then excused for lunch at 11:56 a.m. before beginning the

---

[4] An *Allen* charge is designed to foster debate to circumvent a mistrial once a jury indicates it is deadlocked. *Allen v. United States,* 164 U.S. 492, 501-02 (1896); *Draper v. State*, 335 S.W.3d 412, 416 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). "This court and the Court of Criminal Appeals have approved *Allen* charges containing almost identical language." *Draper*, 335 S.W.3d at 417 (citing *Arrevalo v. State*, 489 S.W.2d 569, 570-72 (Tex. Crim. App. 1973)).

4

punishment phase of the trial. The jury subsequently assessed punishment at sixty years in prison.

## *Discussion*

In his sole issue, appellant argues the trial court abused its discretion in denying his motion for a mistrial after the jurors indicated, approximately ten and one-half hours into deliberations, they were "significantly polarized" and deadlocked. Instead of declaring a mistrial, the trial court read the jury an *Allen* charge and requested them to deliberate further.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion and must uphold the ruling if it is within the zone of reasonable disagreement. *Ladd v. State*, S.W.3d 547, 567 (Tex. Crim. App. 1999); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). It is within the discretion of the trial court to discharge a jury "where it has been kept together for such time as to render it altogether improbable that it can agree." Tex. Code Crim. Proc. art. 36.31; *Montoya v. State*, 810 S.W.2d 160, 166 (Tex. Crim. App. 1989); *Draper v. State*, 335 S.W.3d 412, 416 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). A trial court further has the discretion to determine the length of time a jury may be held for deliberations. *Montoya*, 810 S.W.2d at 166. The trial court's exercise of discretion must be assessed by considering the amount of time the jury deliberated in light of the nature of the case and the evidence. *Nelson v. State*, 813 S.W.2d 651, 653 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (citing *Patterson v. State*, 598 S.W.2d 265, 268 (Tex. Crim. App. [Panel Op.] 1980)). Additional factors to consider are how long the jury was deadlocked and whether the margin of disagreement had changed during the course of deliberations. *Ellis v. State*, 99 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

Here, the guilt-innocence phase of the trial lasted over seven hours across three days, and the jury deliberated for approximately ten and a half hours before appellant

5

sought a mistrial.[5]  The jury heard from ten witnesses and was given five photo exhibits. The photos consisted of three photos of the then five-year old complainant and two photos of appellant's former home.

The jury had deliberated for approximately six hours the first day before being retired for the day after they had indicated in Jury Note 3 they had not yet reached a decision.  The first real indication of a deadlock, however, appeared ten and one-half hours into deliberations, approximately four and one-half hours into deliberations on the second day (the first after a three day recess), when the jury sent out Note 4.  While jury deliberations had already exceeded the length of the guilt-innocence phase of trial, it is not necessarily an abuse of discretion to deny a motion for mistrial when the time spent deliberating exceeded the length of the trial.  *See, e.g., Page v. State*, 819 S.W.2d 883, 885–86 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (holding no abuse of discretion in denying motion for mistrial when jury reported deadlock after three hours' deliberation following thirty-minute punishment trial).  Additionally, "the trial court is not bound to declare mistrial at the first sign of juror impasse." *Howard v. State*, 941 S.W.2d 102, 121 (Tex. Crim. App. 1996).

Appellant argues this case is essentially "very simple" because there were not voluminous exhibits or expert testimony for the jury to consider.  However, the State correctly points out the jury had to weigh difficult testimony containing varying accounts regarding whether appellant actually admitted molesting the complainant, as discussed above.  This case was in fact unusual given the considerable delay between commission of the alleged offense and the prosecution, as well as the fact that much of the evidence concerned not the offense itself but an intervention or group confrontation

---

[5] Time entries on the trial court's docket sheet show the jury ultimately deliberated for a total of approximately fifteen hours before reaching a verdict, but appellant did not renew his motion for a mistrial after the first request.  Appellant again moved for a mistrial in the punishment phase of trial on different grounds not presented on appeal.

regarding the offense. The fact a jury has to weigh difficult testimony and determine witness credibility often implicates the need for longer deliberations and no abuse of discretion in denying a motion for mistrial. *See Bledsoe v. State*, 21 S.W.3d 615, 623-24 (Tex. App.—Tyler 2000, no pet.) (finding no abuse of discretion in denying mistrial where jury deliberated four hours after two-day trial and had to weigh conflicting testimony).

The trial judge denied appellant's motion for mistrial and gave the jury the *Allen* charge. After receiving the *Allen* charge, the jury requested the court reporter read back three specific portions of testimony from different witnesses. These requests "rationally indicated ongoing deliberation" among the jurors after they had earlier reported their polarized opinions were "firm." *See Howard*, 941 S.W.2d at 122.

Given the unique circumstances present in this case, the trial court did not abuse its discretion in denying appellant's motion for mistrial and instead issuing an *Allen* charge. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/     Martha Hill Jamison
         Justice

Panel consists of Justices Christopher, Jamison, and McCally.
Publish — TEX. R. APP. P. 47.2(b).

7