

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00330-CR

BRITT LEE MILLER                                              APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1456595D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Britt Lee Miller appeals from his convictions for three counts of aggravated robbery and concurrent, thirty-year sentences. In a single point, Miller argues that the trial court abused its discretion by denying his motion for mistrial after the jury indicated it could not reach a unanimous verdict. Because the trial court appropriately exercised its discretion by denying Miller's mistrial motion, we affirm the trial court's judgments.

---

[1]*See* Tex. R. App. P. 47.4.

On April 19, 2016, a man wearing a mask with no gloves entered a Family Dollar store and robbed two employees and a customer at gunpoint. During the robbery, the man placed his left hand on a credit-card payment machine near the cash register. Miller was later arrested for the robbery, and his fingerprints were matched to those taken from the credit-card machine. A grand jury indicted Miller with three counts of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). Miller's trial lasted approximately three hours during which he attacked the credibility of the fingerprint expert and pointed out testimony inconsistencies about the appearance of the gun used by the robber.

The jury began deliberating at 9:14 a.m. on the second day of trial. After the jury returned from lunch at 1:01 p.m., the foreperson sent a note to the trial court: "The jury is at an impasse. We are split 9-3." The trial court responded in writing, "Please continue with your deliberations." At 2:42 p.m., the foreperson again notified the trial court of the jury's "impasse": "Still at an impasse. No movement at all. Same folks holding to their objections from the majority position." The trial court gave the jury an *Allen* or dynamite charge:

> You are instructed that in a large proportion of cases absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of other jurors, each juror should show a proper regard to the opinion of the other jurors.
>
> You should listen, with a disposition to being convinced, to the arguments of the other jurors. If a large number of jurors are for deciding the case one way, those in the minority should consider whether they are basing their opinion on speculation or guesswork, and not on the evidence in the case. Those in the minority should

2

> keep in mind the impression the evidence has made on a majority of the jurors who are of equal honesty and intellect as the minority.
>
> . . . .
>
> With this additional instruction, you are instructed to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.

*See generally Allen v. United States*, 164 U.S. 492, 501–02 (1896) (approving supplemental jury charge, instructing jurors to be open and deferential to each other's opinions). The record does not reflect whether there were any discussions about or objections to the trial court's responses

At 3:47 p.m., the foreperson sent another note to the trial court: "Would appreciate a break (hopefully for the evening) before we resume deliberations. The status quo remains." Miller then moved for a mistrial based on the three notes indicating that the jury was deadlocked. The trial court denied the motion "due to the wording of this note, which clearly implies they are deliberating because it states 'Before we resume deliberations.'" The trial court sent the jury home and directed them to return the next morning to resume deliberations. The next day, the jury deliberated for approximately thirty minutes before informing the trial court that it had reached a unanimous verdict: guilty of each count. In total, the jury had deliberated for approximately six hours. The trial court assessed Miller's punishment at concurrent thirty-year sentences.

We review the trial court's ruling on Miller's mistrial motion for an abuse of discretion. *See Rosales v. State*, Nos. 14-16-00764-CR, 14-16-00766-CR,

3

2018 WL 1866026, at *3 (Tex. App.—Houston [14th Dist.] Apr. 19, 2018, no pet. h.). A trial court has the discretion to discharge a jury "where it has been kept together for such time as to render it altogether improbable that it can agree"; however, there is no limit to the length of time a jury may deliberate. Tex. Code Crim. Proc. Ann. art. 36.31 (West 2006); *see Melancon v. State*, 66 S.W.3d 375, 383 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (en banc op. on reh'g). The length of time a jury may be held to deliberate is a discretionary determination that accounts for the nature of the case and the evidence to be considered. *See Montoya v. State*, 810 S.W.2d 160, 166 (Tex. Crim. App. 1989).

Here, the main evidence specifically linking Miller to the robberies was the fingerprint evidence, which Miller strongly contested during the trial. The eyewitnesses gave differing accounts of the appearance of the gun used in the robbery or whether it could have been a toy gun. During its deliberations, the jury requested to see the fingerprint cards, the surveillance video of the robbery, and a portion of one of the employee's testimony. We cannot say that denying Miller's mistrial motion under these facts, especially when the final note did not reflect that the jurors were hopelessly deadlocked, was an abuse of discretion. *See Camarillo v. State*, No. 05-16-00925-CR, 2018 WL 490913, at *6–7 (Tex. App.—Dallas Jan. 19, 2018, pet. filed) (mem. op., not designated for publication); *Katzenberger v. State*, 439 S.W.3d 566, 570–71 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Moses v. State*, No. 14-99-00377-CR, 2004 WL 78162, at *1–2

4

(Tex. App.—Houston [14th Dist.] Jan. 20, 2004, no pet.) (mem. op., not designated for publication); *Melancon*, 66 S.W.3d at 384.

Miller also seems to assert that the trial court's dynamite charge was unduly coercive because it suggested to the minority jurors that they were relying on "speculation" or "guesswork" and was, therefore, an abuse of discretion. The language included in the trial court's supplemental charge here has expressly been held to not be coercive. *See Allen*, 164 U.S. at 501–02; *see also Johnson v. State*, No. 02-11-00516-CR, 2013 WL 43990, at * 1–3 (Tex. App.—Fort Worth Jan. 4, 2013, no pet.) (mem. op., not designated for publication); *West v. State*, 121 S.W.3d 95, 107–09 (Tex. App.—Fort Worth 2003, pet. ref'd). Miller's arguments do not persuade us to stray from these precedents.

For these reasons, we overrule Miller's sole point and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 7, 2018

5