Opinion issued September 27, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00903-CR

———————————

**MARLON JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1462975**

## MEMORANDUM OPINION

A jury found Marlon Johnson guilty of sexual assault, and the trial court assessed his punishment at 18 years' confinement. Johnson appeals, contending that the evidence is insufficient to support his conviction and that the trial court erred in

instructing the deadlocked jury to continue deliberating over his objection. Finding no error, we affirm.

## BACKGROUND

A grand jury indicted Johnson for sexual assault, alleging that he intentionally and knowingly caused his sexual organ to contact the complainant's sexual organ without her consent by the use of physical force and violence. *See* TEX. PENAL CODE § 22.011(a)(1). Johnson pleaded not guilty, and the guilt-innocence phase of the trial was tried before a jury.

The State presented several witnesses, including the complainant, two Houston Police Department officers who investigated her complaint, a sexual assault nurse examiner who examined the complainant after the assault, and a forensic DNA analyst employed by the Houston Forensic Science Center.

The complainant testified that she was sexually assaulted while walking home from a local gym. The assailant, whom she did not know, stunned her by repeatedly hitting her in the head with his fist. He dragged or pulled her by the arm into some nearby bushes. The assailant ordered her to take her clothes off; she complied, because she feared for her life and did not want him to continue hitting her. He forced the complainant to the ground and sexually assaulted her. He put his penis in her vagina and made her perform oral sex on him. After the assault, the assailant ran away. The complainant ran to her home and telephoned emergency assistance.

2

Officer O. Lozano of the Houston Police Department was dispatched to the complainant's home in response to her call. When he interviewed the complainant, she seemed "shocked, almost like in disbelief." She was "sweaty" and her hair was "disheveled" and littered with "debris" like dried grass or leaves. He advised her to go to the hospital. The complainant provided Lozano with a description of her assailant. Lozano searched the area for the assailant in the vicinity of the assault, but did not find anyone matching the complainant's description.

The complainant went to the hospital after speaking with Lozano. There, a nurse performed a sexual assault examination. As part of the exam, the nurse took swabs from inside the complainant's vagina and noted that the complainant had a scratch on her left cheek. Her cheek was tender to the touch. She also noted that there "was a lot of grass and debris" around the complainant's inner labia.

About three years later, the Houston Police Department identified Johnson as a suspect based on DNA evidence. Officer D. Alcantara conducted an investigation based on this new lead. He re-interviewed the complainant and showed her a photo array that included Johnson. The complainant could not identify her assailant from the array.

Alcantara filed an arrest warrant for Johnson, and he was taken into custody. Alcantara interviewed Johnson at the city jail. During the interview, Alcantara showed Johnson color photos of the complainant. Johnson denied that he knew the

complainant or had had sex with her. Johnson provided a saliva sample or cheek swab at his interview.

A forensic DNA analyst testified that the vaginal swabs taken during the complainant's sexual assault exam contained semen. Johnson could not be ruled out as its source based on a comparison with Johnson's cheek swab. Statistically, one would have to have a sample size many times greater than the earth's population to find someone other than Johnson who matched the DNA profile extracted from the semen. Defense counsel stated before the jury that the defense agreed with the analyst's findings.

Johnson testified in his defense. He admitted at trial that he had had sex with the complainant. He said that he met her at a store; they spoke for five to ten minutes and then left together and went to an apartment across the street. There he, the complainant, and another woman—possibly the complainant's roommate—began drinking. According to Johnson, the complainant began kissing him, "one thing led to another," and they had consensual sex. As to the statement he made after his arrest, when he denied knowing or having sex with the complainant, Johnson explained that he did not recall her during the interview because it had been several years since the incident. He also stated that he misled the police because he did not want the mother of his child or his parents to learn that he had been unfaithful.

The jury retired to deliberate. Near the end of the day, the jury sent a note asking what the next step would be if it could not "reach [a] unanimous decision tonight?" Without objection, the trial court instructed the jurors to return the following day. The following day, the jury sent an additional note, stating that it would not be able to reach a unanimous verdict because one juror held the opinion that Johnson was not guilty and had stated that he or she would not change his or her mind. Over defense counsel's objection, the trial court gave the following instruction to the jury:

> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.

> With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of this jury, if you can do so without doing violence to your conscience. Don't do violence to your conscience, but continue deliberating.

The jury found Johnson guilty. The trial court entered a judgment of conviction in conformity with the jury's verdict, and assessed Johnson's punishment at 18 years' confinement.

5

## DISCUSSION

### I.     Sufficiency of the Evidence

Johnson contends that the evidence is insufficient to prove that the complainant did not consent to his sexual encounter with her. He emphasizes his testimony that the complainant consented, the complainant's inability to identify him as her assailant from the photo array, and the absence of evidence of physical injury to corroborate her testimony as to his use of force or violence.

#### A.     Standard of review and applicable law

In a review for legal sufficiency, we view the evidence in the light most favorable to the verdict, and determine whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (relying on *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We must not reevaluate the weight or credibility of the testimony; rather, we defer to the jury's resolution of conflicts in the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person commits the offense of sexual assault if he intentionally or knowingly causes his sexual organ to contact another's sexual organ without that person's consent. *See* TEX. PENAL CODE § 22.011(a)(1). Consent is lacking if he compels the other person to submit through physical force or violence. *Id.* § 22.011(b)(1); *Gonzalez v. State*, 337 S.W.3d 473, 479 (Tex. App.—Houston [1st

6

Dist.] 2011, pet. ref'd). Physical injury is not necessary to prove compulsion by force or violence. *See Edwards v. State*, 97 S.W.3d 279, 291 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). A complainant's uncorroborated testimony suffices to support a conviction for sexual assault, if the complainant informed someone of the offense within one year of the assault. *See* TEX. CODE CRIM. PROC. art. 38.07(a); *Smith v. State*, 340 S.W.3d 41, 49 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

**B.    Analysis**

The complainant and Johnson gave contradictory accounts to the jury. The complainant testified that Johnson forced her to engage in sexual acts against her will; Johnson conceded that they had sex, but he insisted that the complainant consented. It was the jury's prerogative to disbelieve Johnson's version of events; we defer to its determination that the complainant was more credible. *See Isassi*, 330 S.W.3d at 638. Her testimony was corroborated by the nurse's exam, which found leaves and debris on the complainant's person. The jury reasonably could have concluded that the presence of this debris was more consistent with an outdoor assault than with a consensual sexual encounter in an apartment. Johnson's identity was not in dispute. It was for the jury to decide what impact, if any, the complainant's failure to recognize him in the photo array had on her veracity or memory. *See id.*

The evidence is also sufficient to show that Johnson used force, which also undermines his claim that the encounter was consensual. Evidence of physical injury is not required to support a conviction for sexual assault, and its absence therefore cannot render the evidence insufficient; when credited by a jury, a complainant's testimony that she was sexually assaulted is legally sufficient. *See Smith*, 340 S.W.3d at 49; *Edwards*, 97 S.W.3d at 291. In any event, the State adduced evidence of physical injury that corroborated the complainant's testimony: the sexual assault nurse examiner testified that the complainant had a scratch on her cheek, which was tender to the touch.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could have found the essential elements of the offense of sexual assault, including lack of consent, beyond a reasonable doubt. We hold that the evidence is sufficient to prove that Johnson committed the sexual assault as charged.

## II. Jury Instruction to Continue Deliberating

Johnson contends that the trial court erred in instructing the deadlocked jury to continue deliberating over his objection. He maintains that the court's instruction coerced a holdout juror to find Johnson guilty contrary to the juror's conscience.

## A.    Standard of review and applicable law

We review a trial court's decision to instruct a deadlocked jury to continue deliberating—an *Allen* charge—rather than declaring a mistrial for abuse of discretion. *See Rosales v. State*, 548 S.W.3d 796, 804 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd); *see also Ellis v. State*, 99 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (trial court has discretion to decide how long jury may be held for deliberations).  An *Allen* charge encourages deadlocked jurors to resolve their differences, if possible to do so without violating any juror's conscience, to avoid a mistrial and retrial.  *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006); *Torres v. State*, 137 S.W.3d 191, 199 n.4 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

In assessing the propriety of an *Allen* charge, we focus on whether the charge had an improper coercive effect on deliberations.  *See Barnett*, 189 S.W.3d at 277 n.13; *see also Bell v. State*, 938 S.W.2d 35, 56–57 (Tex. Crim. App. 1996) (instruction to continue deliberating that did not suggest disagreeing juror should defer to jury's majority not improper).  We consider how long the jury deliberated, the evidence, the length of the deadlock, and whether the margin of disagreement changed during deliberations.  *See Katzenberger v. State*, 439 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Ellis*, 99 S.W.3d at 787.

9

**B.** **Analysis**

The trial court's *Allen* instruction did not suggest that the jury should reach a guilty verdict. The instruction requested further deliberation in an effort to arrive at a verdict acceptable to the jury, but only if this was possible without doing violence to the jurors' consciences. Thus, on its face, the instruction was not coercive. *See Arrevalo v. State*, 489 S.W.2d 569, 571–72 (Tex. Crim. App. 1973) (holding similarly worded instruction was not coercive).

Johnson nonetheless contends that the instruction was coercive when considered in context. He does not argue that the length of time that the jury was required to deliberate was coercive, nor does he rely on the margin of disagreement over time. Rather, Johnson argues that the trial court's instruction was coercive because the court gave it after the jury deliberated for an hour longer than the trial itself, and after the lone holdout juror had informed the other jurors that the juror would not change his or her vote.

A trial court, however, does not abuse its discretion by giving an *Allen* charge when the split among jurors is lopsided and jurors believe their differences of opinion to be insoluble. *See Howard v. State*, 941 S.W.2d 102, 122–23 (Tex. Crim. App. 1996) (trial court did not err in instructing jury to continue deliberating after receipt of note stating jury was divided 10–2 and foreperson strongly felt that further deliberation wouldn't alter vote), *overruled on other grounds by Easley v. State*, 424

S.W.3d 535 (Tex. Crim. App. 2014). Nor is an hour's difference between the length of deliberations and trial so disproportionate as to require a mistrial. *See Love v. State*, 627 S.W.2d 457, 458–59 (Tex. App.—Houston [1st Dist.] 1981, no writ) (no error in refusing to declare mistrial when two-hour trial was followed by six hours of deliberation during which jury sent three notes indicating deadlock), *disapproved of on other grounds by Ortega v. State*, 668 S.W.2d 701 (Tex. Crim. App. 1983).

Under these circumstances, we hold that the trial court did not abuse its discretion by giving an *Allen* charge rather than declaring a mistrial.

## CONCLUSION

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).